■■■ In the Matter of DAVID C. et al., Petitioners, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [611 NYS2d 78] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioners instituted this CPLR article 78 proceeding to challenge a determination of the New York State Department of Social Services (Department) denying their application to expunge reports maintained in the New York State Central Register of Child Abuse and Maltreatment (Central Register). The Department's finding that the hearing record contained "some credible evidence" of maltreatment of a foster child in petitioners' care *(see,* 18 NYCRR 434.10 [h]) is supported by substantial evidence.

It was undisputed that the child's physician had prescribed the administration of prednisone at specified dosages, depending upon the severity of the child's medical condition. An entry in the hospital record, which was placed in evidence by petitioners, indicated that prednisone had not been given to

the child recently. That evidence, together with the conceded fact that high dosages of prednisone were administered to the child during his stay in the hospital, amounted to some credible evidence that, given the seriousness of the child's asthma condition, petitioners' failure to administer prednisone was maltreatment. Further, petitioners' suggestion that the child was being manipulative and was "bluffing" about his complaints, together with the uncontroverted fact that the child had not seen his pediatrician for some nine months, that petitioners had missed 12 scheduled appointments at the Hospital Lung Center within the year preceding hospitalization and that the child required a month-long hospitalization for treatment of his condition, constituted some credible evidence of maltreatment.

Petitioners have not raised a constitutional challenge to the "some credible evidence" standard. Thus, we do not decide whether application of that standard in this proceeding deprived petitioners of due process (see, Valmonte v Bane, 18 F3d 992).

There is no merit to petitioners' contention that it was improper for the fact-finding determination to be made by a person who did not preside at the expungement hearing. The Department's regulations expressly provide that the fact-finding determination be made by the Commissioner or his or her designee based upon the hearing record (18 NYCRR 434.11 [a]) and that the hearing be conducted by an impartial Hearing Officer employed by the Department "for that purpose" (18 NYCRR 434.6 [a]). Thus, the regulations contemplate that the determination may be made by a person who did not preside at the hearing.

Likewise without merit are petitioners' contentions that it was improper to admit redacted copies of the Central Register reports into evidence and that admission of those reports, without disclosure of the identity of the persons making each report, deprived petitioners of the right to cross-examine witnesses. The Central Register documents were not admitted in evidence for the truth of any statement made therein; the documents were admitted solely to reflect what documents constituted the record sought to be expunged (see, 18 NYCRR 434.9 [c]). The proof submitted at the expungement hearing by the Erie County Department of Social Services consisted of three documents that were not part of the Central Register record. In this proceeding, petitioners do not contend that they were denied the opportunity to call as witnesses the authors of those three documents or that they were denied the

opportunity to cross-examine those persons *(cf., Matter of McBarnette v Sobol,* 83 NY2d 333). (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Wolf, Jr., J.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.