■ In the Matter of ANANT R. GUPTA, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [617 NYS2d 367] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Social Services, dated March 25, 1992, which, after a hearing, excluded the petitioner from participating in the Medical Assistance Program for a period of two years.

Adjudged that the determination is confirmed, and the petition is dismissed on the merits, with costs.

The New York State Department of Social Services (hereinafter the Department) proffered substantial evidence that the petitioner, a dentist and a duly enrolled Medicaid provider, on numerous occasions failed to schedule medically required follow-up appointments with his patients. Accordingly, the Department's determination that the petitioner had failed to meet professionally recognized standards for health care in violation of 18 NYCRR 515.2 (b) (12), must be confirmed *(see, Matter of Hunter v New York City Bd. of Educ.,* 190 AD2d 851).

Contrary to the petitioner's contention, due process of law and the concept of a fair administrative hearing do not require that the actual taking of evidence be before the same Hearing Officer who makes the final determination *(see, Matter of Rothkoff v Ratner,* 104 Misc 2d 204, 205-206; *see also,* State Administrative Procedure Act § 303).

Finally, we have reviewed the petitioner's remaining contentions and find them to be without merit *(see, Matter of Block v Ambach,* 73 NY2d 323; *Matter of Mercy Hosp. v New York State Dept. of Social Servs.,* 79 NY2d 197, 207). Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.