■ In the Matter of CHRIS O'CONNELL, INC., Respondent, v BEACON LOOMS, INC., Appellant. [652 NYS2d 24] —Order and judg-

ment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered on or about June 14, 1996, which granted petitioner's application to compel "mediation" before retired Judge Lester Evans, is unanimously modified, on the law, to the extent of directing the parties to select a new arbitrator, and if an agreement cannot be reached, the IAS Court shall appoint an arbitrator, and otherwise affirmed, without costs.

Although the parties' agreement employs the word "mediate" rather than "arbitrate", it does provide that "[t]he proceedings shall be conducted as the mediator directs, with written findings", that "such findings are agreed to be enforceable in any court with jurisdiction over the [losing] party", and that "[c]osts of mediation shall be borne by the [losing] party". We agree with the IAS Court that such language sufficiently indicates an intention to arbitrate rather than mediate (*see, Matter of Mencher [Abeles & Kahn]*, 274 App Div 585, 588). Questions unrelated to whether the parties agreed to submit the dispute to arbitration, including whether petitioner abided by the arbitrator-selection process in good faith, must be left to the arbitrator (*see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 96).

Due to the death of retired Judge Evans, a new arbitrator must be appointed. If the parties cannot agree upon the selection of a new arbitrator, the IAS Court shall make such appointment (*see,* CPLR 7504). Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.