■ In the Matter of GERALD G., Petitioner, v STATE OF NEW YORK DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [670 NYS2d 267] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which denied petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

This case arises out of an incident which occurred on November 20, 1994 at the Tryon Residential Center, a Division for Youth facility, where petitioner was employed as a youth division aide. A report was made to the State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) that, on the date in question, petitioner punched one resident, Michael, in the face and that he grabbed another resident, Roger, by the neck and slammed his broken hand, which was in a cast, against a wall.

As the result of an investigation by respondent Department of Social Services (hereinafter DSS), the report was "indicated" for maltreatment and petitioner's name was placed on the Central Register. Upon receiving notice of the indicated report, petitioner requested that the report be expunged. DSS denied his request. Petitioner thereafter requested a fair hearing pursuant to Social Services Law § 422 (8) (b). At the conclusion of the hearing, the Administrative Law Judge ruled, *inter alia,* that the charges were supported by a fair preponderance of the evidence and denied petitioner's request for expungement. This CPLR article 78 proceeding ensued.

We confirm. It is well settled that the proper standard of proof to be applied in administrative expungement hearings is "preponderance of the evidence" (*see, Matter of Lee TT. v Dowling,* 87 NY2d 699, 712; *Matter of Kenneth VV. v Wing,* 235 AD2d 1007; *Matter of Robert OO. v Dowling,* 217 AD2d 785, 786, *affd* 87 NY2d 1043). Since this standard was applied in the administrative determination at issue, our focus is whether the determination is rational and supported by substantial evidence (*see, Matter of Ribya BB. v Wing,* 243 AD2d 1013, 1014; *Matter of Kenneth VV. v Wing, supra,* at 1008). "Substantial evidence is established when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof" (*Matter of Kenneth VV. v Wing, supra,* at 1008 [citation omitted]). Notably, hearsay is admissible in administrative hearings and may constitute substantial evidence supporting an administrative determination "if sufficiently relevant and probative" (*Matter of Robert OO. v Dowling, supra,* at 786; *see, Matter of Ribya BB. v Wing, supra,* at 1014-1015).

In the case at hand, Colleen Fischer, a child abuse specialist with DSS, testified regarding her investigation into the report of maltreatment. She stated that she spoke with Michael who informed her that, on the evening of the incident, the other children on the floor were making a lot of noise and he was in his bed trying to sleep. According to Fischer, Michael stated that petitioner came into his room with a flashlight in one hand and punched him in the side of the face. Michael told her that petitioner told him to say that he had fallen out of his bed, which Michael agreed to do. Michael also reported that petitioner gave him a cigarette and some ice for his face. He told Fischer that the next morning he was seen by a nurse and related to her that he had been struck by petitioner. Fischer also spoke to Roger who indicated that he was in the room next to Michael and that he and the other children were making loud noises. Roger related that petitioner came into his

room and, following a verbal exchange, grabbed him by the neck as well as his broken hand, hitting it against the wall.

In addition, Fischer spoke with other children, many of whom heard the exchanges petitioner had with Michael and Roger. She also spoke with Margaret Smith, who investigated the incident on behalf of the Division for Youth, as well as other youth division aides who were working at the time of the incident and shortly thereafter. Fischer's notes of her interviews with these individuals were admitted into evidence at the hearing and corroborated the accounts of maltreatment reported by Michael and Roger. The medical reports concerning Michael and Roger, which disclosed the physical injuries sustained by them following the incident, also corroborated their accounts. Although one youth division aide who was working at the time of the incident gave conflicting statements, "it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable" (*Matter of Ribya BB. v Wing, supra,* at 1014, *supra; see, Matter of Kenneth VV. v Wing,* 235 AD2d 1007, 1008, *supra*). Accordingly, we conclude that the determination is supported by substantial evidence. We have considered petitioner's claim that he was improperly denied the opportunity to confront witnesses and find it to be without merit.

Mercure, White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.