■ In the Matter of the Arbitration between RALPH W. KERN et al., Respondents, and EXCELSIOR 57TH CORP., Appellant. [704 NYS2d 41] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 31, 1999, which, *inter alia*, granted petitioners' motion, pursuant to CPLR article 75, to compel respondent to select a substitute arbitrator in tripartite arbitration in place of respondent's previously selected arbitrator, who died before completion of the arbitrators' deliberations and the rendering of a final award, unanimously affirmed, without costs.

The lease providing for arbitration of the underlying dispute in accordance with CPLR article 75 does not provide what is to occur in the event of an arbitrator's death where, as here, an arbitration is ongoing. In the absence of a written agreement addressing that situation, we reject respondent's contention that, upon an arbitrator's death, an arbitration in progress must be commenced de novo before an entirely new panel. Rather, where the parties have made no agreement to pursue a course other than that charted by the statute, the statutory provisions should govern, and "when an arbitrator cannot act for reasons of health or unavailability or other circumstances tantamount to the occurrence of a vacancy * * * there is statutory authorization for a court to appoint a replacement (CPLR 7504)" (*Matter of Siegel [Lewis]*, 40 NY2d 687, 689). The death of an arbitrator after conclusion of a hearing but prior to rendering an award constitutes such inability to act and permits appointment of a successor (*see, e.g., Matter of Chris O'Connell, Inc. v Beacon Looms*, 235 AD2d 248, 249). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.