■ EVELYN CIOFFI et al., Appellants, v LENOX HILL HOSPITAL et al., Respondents. [731 NYS2d 169] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered February 3, 2000, which, to the extent appealed from as limited by the brief, upon a jury verdict in favor of defendant William T. Keavy, M.D., dismissed the complaint against him, unanimously affirmed, without costs.

The record establishes that there was a fair interpretation of the evidence upon which the jury could have reached its verdict, and, accordingly, the verdict may not be set aside as against the weight of the evidence (*see, Niewieroski v National Cleaning Contrs.*, 126 AD2d 424, 425, *lv denied* 70 NY2d 602). One of the expert witnesses presented on behalf of defendant Keavy testified that the condition sustained by plaintiff as a result of the cosmetic surgery performed by Keavy on her eyelids was due to a slight overcorrection, a known complication that did not represent a departure from good medical practice. The jury was entitled to credit this testimony and to reject conflicting testimony from experts presented by plaintiff (*see, Lichtenstein v Bauer*, 203 AD2d 89; *Furia v Mellucci*, 163 AD2d 88, 89, *lv denied* 77 NY2d 803). Similarly, the jury was entitled to credit the deposition testimony of defendant Keavy, who died prior to the trial of this matter. Keavy's testimony directly contradicted plaintiff's claim that Keavy had not properly informed her of the risks involved in the surgery she was to undergo. Keavy's testimony in this connection was supported by his notes from the plaintiff's second pre-operative appointment, six days before the surgery. Although the jury was unable to observe Keavy's demeanor and had to rely on documentary evidence and defendant's testimony as transcribed, the jury's credibility determinations in connection with the issue of informed consent were nevertheless based on a fair interpretation of the evidence.

The trial court properly denied plaintiff's request to impeach Keavy with a book partially authored by him. It is well settled that a deceased witness whose prior testimony is admitted at trial may not be impeached by a posthumous showing of alleged contradictory or inconsistent statements (*see, People v Hines*, 284 NY 93, 115, *overruled in part on other grounds*

*People v Kohut*, 30 NY2d 183). Concur—Rosenberger, J. P., Tom, Mazzarelli and Ellerin, JJ.