■ In the Matter of JEANNETTE LL., Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [770 NYS2d 209]—

---

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Children and Family Services which denied petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to unfounded and expunged.

Petitioner commenced this proceeding seeking review of a determination denying her request that an April 2, 2000 report on the Central Register of Child Abuse and Maltreatment (hereinafter the Register) indicating maltreatment of Paula (sometimes spelled Paola), her adopted daughter from Guatemala, be amended to unfounded and expunged. The record indicates that on April 2, 2000, the police received reports that a young girl, later identified as 12-year-old Paula, was standing in petitioner's yard in the rain, crying and being hit by other children while petitioner observed. A police officer went to petitioner's home and found Paula outside, soaked, crying and shivering. She told him, through a translator, that "the kids in the household were punching her and that [petitioner was] telling her that she was going to leave her . . . or she was going to send her back to her country." When the police officer spoke with petitioner, she told him that she "could not deal with [Paula] anymore" and wanted the officer to take Paula with him. When discussing the matter with another police officer, petitioner admitted that, during the incident, she told the other children that, if Paula threw rocks at them, "you have my permission to beat the s\*\*t out of her." Subsequently, the matter was turned over to the Chemung County Department of Social Services and, following an investigation, three reports were indicated against petitioner concerning Paula and also petitioner's 12-year-old preadoptive daughter, Jennifer.

Petitioner requested that the three reports be amended to unfounded and the reports be sealed. After conducting an administrative review, the Office of Children and Family Services upheld all three reports. Petitioner was granted a hearing and, upon conclusion, respondent Commissioner of Children and Family Services, inter alia, expunged two of the reports but upheld two of the findings contained in the April 2, 2000 report. Specifically, the Commissioner found by a preponderance of the evidence that petitioner "placed the child Paula in imminent danger of impairment by engaging in a pattern of persistent and pervasive verbally abusive behavior and an inappropriate and ineffective response to the April 2, 2000 altercation." The Commissioner further found such maltreatment "relevant and

reasonably related to [petitioner's] employment in child care or to her provision of foster or adoptive care."

"It is well settled that a report of child abuse or maltreatment must, at an administrative expungement hearing, be established by a 'fair preponderance of the evidence' " (*Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003], quoting *Matter of Lee TT. v Dowling*, 87 NY2d 699, 712 [1996] [citations omitted]). When reviewing such matters, our inquiry is " 'whether the determination is rational and supported by substantial evidence' " (*Matter of Steven A. v New York State Off. of Children & Family Servs., supra* at 435, quoting *Matter of Gerald G. v State of New York Dept. of Social Servs.*, 248 AD2d 918, 919 [1998]). Where conflicting versions of events create credibility issues, it is the Commissioner's responsibility to resolve them, and that assessment will not be disturbed as long as it is supported by substantial evidence (*see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]; *Matter of Mary Y. v Perales*, 186 AD2d 325, 325 [1992]).

Here, there is proof indicating that Paula told adoption and foster care caseworkers that petitioner repeatedly called her derogatory names, made degrading comments, expressed her regret over adopting her and threatened to send her back to Guatamala. With respect to the specific April 2, 2000 incident, several witnesses testified that Paula was left outside for a couple of hours in the rain, crying, hit and tormented by several children, while petitioner watched. Petitioner conceded making the statement that the other children could beat Paula if she threw rocks. While petitioner denied any impropriety and presented proof indicating that she and the other children were trying to get Paula to come inside, the Commissioner accepted the evidence presented by the Chemung County Department of Social Services and the Register and concluded that petitioner maltreated the child. We find no error inasmuch as there was substantial evidence supporting that determination. Furthermore, we find no reason to disturb the conclusion that the finding as to maltreatment is relevant and reasonably related to any future child care employment, adoption or foster care decisions regarding petitioner (*see Matter of Ribya BB. v Wing, supra* at 1015; *Matter of Mary Y. v Perales, supra* at 325-326).

In addition, we are unpersuaded by petitioner's argument that the Commissioner improperly credited a letter from the Saratoga County Mental Health Center because it contained hearsay statements by Jennifer. Hearsay proof is admissible at expungement hearings and, if sufficiently relevant and probative, may constitute substantial evidence supporting the result

(*see Matter of Gerald G. v State of New York Dept. of Social Servs., supra* at 919; *Matter of Ribya BB. v Wing, supra* at 1014). Inasmuch as the letter was sufficiently relevant to the allegations of maltreatment involving Paula, we find no error in the Commissioner's determination to accord it some weight.

Petitioner's remaining arguments have been examined and found unpersuasive.

Crew III, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.