■ In the Matter of SANDRA V., Petitioner, v MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [779 NYS2d 375]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Evelyn Frazee, J.], entered February 25, 2004) to review a determination of respondent New York State Office of Children and Family Services. The determination denied, after a fair hearing, petitioner's application to amend an indicated report of maltreatment of petitioner's son.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul an administrative determination denying her application to amend an indicated report of maltreatment of her son to provide that the report of maltreatment was unfounded. We conclude that the "determination is rational and supported by substantial evidence" (*Matter of Gerald G. v State of New York Dept. of Social Servs.*, 248 AD2d 918, 919 [1998]; *see Matter of Jeannette LL. v Johnson*, 2 AD3d

1261, 1263 [2003]; *Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435). Contrary to petitioner's contention, the hearsay evidence of maltreatment is "sufficiently relevant and probative . . . [to] constitute substantial evidence supporting the result" (*Jeannette LL.*, 2 AD3d at 1263; *see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]). Where, as here, "there are two conflicting accounts of events, it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable" (*Ribya BB.*, 243 AD2d at 1014; *see Gerald G.*, 248 AD2d at 920). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.