■ In the Matter of MARY P., Petitioner, v KEVIN HELFER, as Commissioner of Erie County Department of Social Services, et al., Respondents. [794 NYS2d 213]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Nelson H. Cosgrove, J.], entered October 25, 2004) to annul a determination of respondent John A. Johnson, Commissioner, New York State Office of Children and Family Services. The determination denied petitioner's request to amend and seal a report filed with the New York State Central Register of Child Abuse and Maltreatment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced the instant proceeding pursuant to CPLR article 78 seeking to annul the determination of respondent John A. Johnson, Commissioner of New York State Office of Children and Family Services (Commissioner), that a finding of maltreatment contained in a report made to the New York State Central Register of Child Abuse and Maltreatment was established by a preponderance of the evidence and is relevant and reasonably related to employment in a child care agency (*see Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263 [2003]). We conclude that the determination is based upon substantial evidence and therefore decline to disturb it (*see id.*).

Petitioner contests the finding that she ingested Valium in an apparent suicide attempt and the determination that the failure to supervise her 10-year-old daughter constituted maltreatment that is reasonably related to her employment in the child care

field. Petitioner contends that the Commissioner failed to consider her testimony at the fair hearing that she had a "bad reaction" to the medication and evidence that the finding of maltreatment under those circumstances is not reasonably related to her ability to work with children. Contrary to petitioner's contention, where, as here, hearsay evidence is "sufficiently relevant and probative," it may constitute substantial evidence (*People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *see Jeannette LL.*, 2 AD3d at 1263-1264). The progress notes of the Erie County Department of Social Services reflect that petitioner admitted that she attempted suicide and support the finding that her daughter was alone at night in a local pizzeria where she went at the direction of petitioner. Furthermore, although petitioner's testimony at the fair hearing contradicted portions of the hearsay evidence, "[w]here conflicting versions of events create credibility issues, it is the Commissioner's responsibility to resolve them, and that assessment will not be disturbed as long as it is supported by substantial evidence" (*Jeannette LL.*, 2 AD3d at 1263). We note, however, that the discussion portion of the decision includes a statement that petitioner suffers from bipolar disorder, and we agree with petitioner that the statement is not supported by evidence in the record. Nevertheless, that discrepancy does not warrant annulment of the determination. We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.