In the Matter of WAYNE PLUTA, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [794 NYS2d 261]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Harold L. Galloway, J.], entered October 25, 2004) to annul a determination of respondent New York State Office of Children and Family Services, John A. Johnson, Commissioner. The determination, after a hearing, denied petitioner's application to amend an indicated report of child maltreatment to an unfounded report.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination of respondent New York State Office of Children and Family Services, John A. Johnson, Commissioner, denying petitioner's request to amend an indicated report of maltreatment to an unfounded report (see Social Services Law § 422 [8] [a] [v], [c] [ii]). We conclude that the determination is rational and supported by substantial evidence (see *Matter of Sandra V. v Monroe County Dept. of Social Servs.*, 9 AD3d 891 [2004]; *Matter of Gerald G. v State of N.Y. Dept. of Social Servs.*, 248 AD2d 918, 919 [1998]). Contrary to the contention of petitioner, respondents did not violate his

right to due process by declining to consider his motion to dismiss at the outset of the fair hearing. There is no procedural mechanism for such a motion under Social Services Law § 422 (*see generally Matter of Lee TT. v Dowling*, 87 NY2d 699, 704-705 [1996]). Moreover, as the Administrative Law Judge pointed out, it did not make sense for her to entertain a motion from petitioner that would obviate the need for a hearing that he had requested. Contrary to the further contention of petitioner, it was not "improper for the fact-finding determination to be made by a person who did not preside at the . . . hearing" (*Matter of David C. v New York State Dept. of Social Servs.*, 203 AD2d 964, 965 [1994]; *see Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]) and petitioner was not deprived of due process thereby (*see Matter of Gupta v New York State Dept. of Social Servs.*, 208 AD2d 629 [1994]). We disagree with petitioner's contention that the determination is arbitrary and capricious because it is based on hearsay. Hearsay evidence of maltreatment is sufficiently reliable and probative to constitute substantial evidence (*see Sandra V.*, 9 AD3d at 892) and may serve as the basis of an administrative determination without violating due process or confrontation rights (*see Matter of Scaccia v Martinez*, 9 AD3d 882, 883-884 [2004]). That is true even of the double hearsay statement challenged by petitioner (*see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]). We have considered petitioner's remaining contentions and conclude that they are lacking in merit. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.