■ In the Matter of THEODORE SMITH, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [890 NYS2d 12]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered May 13, 2008, which granted the petition to vacate

a December 4, 2007 arbitration award finding petitioner guilty of numerous disciplinary charges and suspending him for one year without pay, and remanded the matter for a new arbitration hearing, unanimously reversed, on the law, without costs, the award reinstated, and the petition dismissed. The Clerk is directed to enter judgment accordingly.

The fact that a replacement arbitrator, who was not present during the receipt of evidence, made the arbitration award based on a review of the record, did not deny petitioner due process of law. Due process of law and the concept of a fair hearing "do not require that the actual taking of evidence be before the same [arbitrator] who makes the final determination" (*Matter of Gupta v New York State Dept. of Social Servs.*, 208 AD2d 629 [1994]; *see also Matter of Kern [Excelsior 57th Corp.]*, 270 AD2d 25 [2000], *lv denied* 94 NY2d 763 [2000]).

Here, the replacement arbitrator drew his credibility assessments from compelling documentary evidence. Specifically, he relied on contemporaneous writings and diligently reviewed the testimony in the record (*see e.g. Cioffi v Lenox Hill Hosp.*, 287 AD2d 335 [2001], *lv denied* 97 NY2d 612 [2002]), noting inconsistencies and admissions, a sound basis upon which to reach credibility determinations. Further, the replacement arbitrator granted petitioner an opportunity to present new evidence, including his own testimony, documentary evidence, and additional witnesses, of which he chose not to avail himself. Moreover, the sole reason that the replacement arbitrator was substituted in this matter was because petitioner issued threats to the first arbitrator, which led to his recusal. Petitioner should not be permitted to benefit from such behavior by obtaining a hearing de novo before a second arbitrator.

Finally, the record evidence does not support vacatur of the award on any of the alternative grounds urged by petitioner in Supreme Court. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.