# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**721**

**TP 11-00211**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF NANCY GARZON, PETITIONER,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, NEW YORK STATE CENTRAL REGISTER OF
CHILD ABUSE AND MALTREATMENT AND NIAGARA COUNTY
DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS.

---

ROBERT M. RESTAINO, NIAGARA FALLS, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI
OF COUNSEL), FOR RESPONDENTS NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES, AND NEW YORK STATE CENTRAL REGISTER OF
CHILD ABUSE AND MALTREATMENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Ralph A. Boniello, III, J.], entered January 10, 2011) to review a determination of respondents. The determination found, inter alia, that petitioner's maltreatment of her child is reasonably related to her employment in child care.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination following a fair hearing finding that the indicated report of maltreatment against her is reasonably related to her employment in child care or her provision of foster or adoptive care (*see* Social Services Law § 422 [8] [c] [ii]). We conclude that the determination is supported by substantial evidence (*see Matter of Castilloux v New York State Off. of Children & Family Servs.*, 16 AD3d 1061, *lv denied* 5 NY3d 702; *see also Matter of Richard R. v Carrion*, 67 AD3d 915; *Matter of Mary P. v Helfer*, 17 AD3d 1013, *amended on rearg* 20 AD3d 943). The evidence presented at the hearing established that petitioner hit her 12-year-old child in the leg, head and arm and then kicked the passenger door of a vehicle while the child was sitting in the passenger seat. Petitioner testified at the hearing that she was acting in self-defense, and she therefore failed to take responsibility for her actions or appreciate the seriousness of the incident. Based upon the evidence presented at the hearing, we conclude that there is no reason to disturb the finding that

petitioner's act of maltreatment is relevant and reasonably related to, inter alia, her employment in child care.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court