# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

383

TP 15-01552

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF DAWN M., PETITIONER,

V                                                MEMORANDUM AND ORDER

NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE
AND MALTREATMENT, RESPONDENT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John A. Michalek, J.], entered July 31, 2015) to review a determination of respondent. The determination, inter alia, denied petitioner's request to amend an indicated report of maltreatment with respect to her granddaughters to an unfounded report, and to seal it.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination made after a fair hearing that, inter alia, denied her request to amend an indicated report of maltreatment with respect to her granddaughters to an unfounded report, and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]). Contrary to petitioner's contention, we have repeatedly held that it is not " 'improper for the fact-finding determination to be made by a person who did not preside at the . . . hearing' . . . [,] and petitioner was not deprived of due process thereby" (*Matter of Pluta v New York State Off. of Children & Family Servs.*, 17 AD3d 1126, 1127, *lv denied* 5 NY3d 715; *see e.g. Matter of Sarkis v Monroe County Dept. of Human Servs.*, 133 AD3d 1344, 1344).

We reject petitioner's further contention that the Erie County Department of Social Services, CPS Unit (DSS) failed to sustain its burden at the fair hearing of establishing that petitioner committed an act of maltreatment and that such maltreatment was relevant and reasonably related to childcare employment. "It is well established that our review is limited to whether the determination to deny the request to amend and seal the [indicated] report is supported by substantial evidence in the record" (*Matter of Kordasiewicz v Erie*

*County Dept. of Social Servs.*, 119 AD3d 1425, 1426; *see Matter of Mangus v Niagara County Dept. of Social Servs.*, 68 AD3d 1774, 1774, *lv denied* 15 NY3d 705). Substantial evidence is " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' . . . [, and] hearsay evidence alone, if it is sufficiently reliable and probative, may constitute sufficient evidence to support a determination" (*Kordasiewicz*, 119 AD3d at 1426, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293). "To establish maltreatment, the agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child[ren] had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child[ren] with appropriate supervision or guardianship" (*Matter of Gerald HH. v Carrion*, 130 AD3d 1174, 1175; *see* Social Services Law § 412 [2] [a]; Family Ct Act § 1012 [f] [i] [B]; 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Brian M. v New York State Off. of Children & Family Servs*., 98 AD3d 743, 743).

The evidence at the hearing established that petitioner's granddaughters had been sexually abused by the son of petitioner's boyfriend. "[B]ecause the girls were so uncomfortable with [petitioner's boyfriend] being in the home or being around," it was part of the girls' treatment plan that petitioner's boyfriend reside in a "separate houshold[]." Nevertheless, it was undisputed at the hearing that petitioner allowed her boyfriend to perform a "technique" that the family called "Cloud 9." That "technique" involved petitioner's boyfriend running his hands up and down the sides of the girls' bodies, and there was evidence at the hearing that the girls told petitioner that it made them "uncomfortable" and did not want it to continue. The fact that the girls may have recanted other allegations made against petitioner and her boyfriend raised issues of credibility for the factfinder (*see Matter of Mary P. v Helfer*, 17 AD3d 1013, 1014, *amended on rearg on other grounds* 20 AD3d 943), and the factfinder's assessment of credibility will not be disturbed where, as here, "it is supported by substantial evidence" (*Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263; *see Mary P.*, 17 AD3d at 1014). We thus conclude on the record before us that the determination that DSS established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject children and that such maltreatment was relevant and reasonably related to childcare employment is supported by substantial evidence.

Entered: April 29, 2016                            Frances E. Cafarell
                                                        Clerk of the Court