Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Hugh A. Gilbert, J.], entered May 23, 2016) to review a determination of respondent. The determination denied petitioner’s request that a report maintained in the New York State Central Register of Child Abuse and Maltreatment, indicating petitioner for maltreatment, be amended to unfounded.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the amended petition is dismissed.
 

 Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent’s determination, made after a fair hearing, that denied his request to amend to unfounded an indicated report of maltreatment. The Administrative Law Judge (ALJ) who presided at the hearing recommended that the request be granted, but the designee of respondent’s Commissioner (Designee) denied the request. Contrary to petitioner’s contention, the Designee adequately set forth in his decision his reasons for reaching a decision different from that of the ALJ (see 9 NYCRR 4.131 [II] [F]; Matter of Concerned Citizens of Allegany County v Zagata, 231 AD2d 851, 852 [4th Dept 1996], lv denied 89 NY2d 814 [1997]). It is well settled that a designee “ ‘is not required to adhere to the ALJ’s findings of fact or credibility, and [he or she] is free to reach [his or her] own determination, so long as it is supported by substantial evidence in the record as a whole’ ” (Matter of Cauthen v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1438, 1439 [3d Dept 2017]; see Matter of Simpson v Wolansky, 38 NY2d 391, 394 [1975]). The Designee found that petitioner struck the subject child five times in the back of the head, causing the child to sustain a head injury with nausea, some double vision, and balance issues. Contrary to petitioner’s contention, we conclude that substantial evidence supports the determination of maltreatment (see Matter of Emerson v New York State Off. of Children & Family Servs., 148 AD3d 1627, 1627 [4th Dept 2017]; Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [4th Dept 2005], lv denied 5 NY3d 702 [2005]), as well as the determination that such maltreatment was relevant and reasonably related to childcare employment (see Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1494 [4th Dept 2016]; Castilloux, 16 AD3d at 1062).
 

 Present— Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.