Matter of Leeper v New York State Off. of Children & Family Servs. (2018 NY Slip Op 06359)





Matter of Leeper v New York State Off. of Children & Family Servs.


2018 NY Slip Op 06359


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


915 TP 18-00207

[*1]IN THE MATTER OF DOMINIQUE LEEPER, PETITIONER,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, RESPONDENT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, III, OF COUNSEL), FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Chautauqua County [James H. Dillon, J.], entered February 1, 2018) to review a determination of respondent. The determination denied the request of petitioner to seal indicated reports. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a fair hearing, finding that two indicated reports of maltreatment against her are relevant and reasonably related to employment in child care (see Social Services Law § 422 [8] [c] [ii]). Contrary to petitioner's contention, we conclude that the determination is supported by substantial evidence (see Matter of Garzon v New York State Off. of Children & Family Servs., 85 AD3d 1603, 1604 [4th Dept 2011]). The evidence presented at the hearing established that, on two occasions over the course of approximately 11 years, petitioner subjected her children to violent outbursts, during which she destroyed property, physically assaulted a family friend, who cared for the oldest child, in the children's presence, and choked the oldest child (see Matter of DeRoberts v New York State Off. of Children & Family Servs., 155 AD3d 1556, 1557 [4th Dept 2017]; Garzon, 85 AD3d at 1604; Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [4th Dept 2005], lv denied 5 NY3d 702 [2005]). Petitioner also admitted, with respect to additional behavior underlying the second indicated report, that less than two years before the hearing she had been abusing marihuana to the point of being unable to care for her children. Although she testified at the hearing that she had been rehabilitated, petitioner engaged in repeated acts of maltreatment and acknowledged that she had never attended professional counseling to address that behavior. The record thus supports the finding that petitioner failed to recognize and address the causes of her detrimental behaviors and that she may therefore engage in those behaviors again (see Matter of Velez v New York State Off. of Children, 157 AD3d 575, 576 [1st Dept 2018]). Based upon the foregoing, we perceive no reason to disturb respondent's determination that petitioner's acts of maltreatment are relevant and reasonably related to employment in child care. We have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court