Matter of Jonathan L. v Poole (2019 NY Slip Op 01908)





Matter of Jonathan L. v Poole


2019 NY Slip Op 01908


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


184 TP 18-01499

[*1]IN THE MATTER OF JONATHAN L., PETITIONER,
v
SHEILA POOLE, ACTING COMMISSIONER, NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, AND SHEILA MCBAIN, DIRECTOR, NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT, A DIVISION OF CHILD WELFARE AND COMMUNITY SERVICES, RESPONDENTS. 






JASON R. DIPASQUALE, BUFFALO, FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [E. Jeannette Ogden, J.], entered August 17, 2018) to review a determination of the New York State Office of Children and Family Services. The determination denied petitioner's request that an indicated report maintained in the New York State Central Register of Child Abuse and Maltreatment be amended to unfounded and sealed. 
It is hereby ORDERED that the determination with respect to petitioner is unanimously annulled on the law without costs, the petition is granted and respondent Sheila Poole, Acting Commissioner, New York State Office of Children and Family Services is directed to amend and seal the indicated report.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination made after a fair hearing that denied his request to amend and seal an indicated report of child maltreatment maintained at New York State Central Register of Child Abuse and Maltreatment. In the petition, petitioner contends that the Erie County Department of Social Services (DSS) failed to sustain its burden at the fair hearing of establishing that petitioner committed an act of maltreatment. We agree with petitioner.
The record establishes that, after confronting his 10-year-old son regarding the child's misbehavior, petitioner struck the child two to three times with a belt. At the fair hearing, petitioner testified that he struck the child over his clothing. Both petitioner and his wife, the child's mother, testified that the child seemed unfazed by the incident and did not appear to be in or complain of being in pain either immediately after the incident or the following morning. The record further establishes that, the day after the incident, school personnel observed marks on the child's legs and back. A case worker examined the child later that same day and noted marks on the child's legs, but did not see a mark on the back. The indicated report contained the conclusion that petitioner maltreated his son and substantiated the allegations of excessive corporal punishment.
Following the fair hearing, the Administrative Law Judge (ALJ) found that a "preponderance of the evidence showed that [petitioner] caused the marks on [the child's] back" and that petitioner "most likely" also caused one mark on the child's right leg, but the ALJ declined to attribute other marks on the child's leg to petitioner. The ALJ determined that petitioner "placed [the child] at imminent risk of physical and emotional impairment" and that petitioner committed the maltreatment alleged in the report.
We conclude on the record before us that the determination is not supported by [*2]substantial evidence, i.e., " such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (Matter of Kordasiewicz v Erie County Dept. of Social Servs., 119 AD3d 1425, 1426 [4th Dept 2014], quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1493 [4th Dept 2016]). At the fair hearing, DSS had the burden of establishing by a fair preponderance of the evidence that petitioner maltreated the child by the use of excessive corporal punishment (see Social Services Law § 424-a [2] [d]), and that such corporal punishment impaired or was in imminent danger of impairing the child's physical, mental, or emotional condition (see Social Services Law § 412 [2] [a]; Family Ct Act § 1012 [f] [i]). Impairment of mental or emotional condition is defined as "a state of substantially diminished psychological or intellectual functioning" (Family Ct Act § 1012 [h]). Physical impairment is defined as " a state of substantially diminished physical growth, freedom from disease, and physical functioning' " (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 78 [1995]; see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit, 48 AD3d 1292, 1294 [4th Dept 2008]).
Other than a general reference in DSS records that the child was "upset" by the incident, DSS did not present evidence that the incident physically, mentally, or emotionally impacted the 10-year-old child. The marks observed on the child's back, i.e., the sole marks attributed to petitioner by a preponderance of the evidence, apparently resolved the day after petitioner struck him, and before the DSS case worker examined the child. Under the circumstances here, the evidence is insufficient to establish that the child suffered the requisite impairment of his physical, mental, or emotional well-being to support a finding of maltreatment. Thus, the determination that petitioner placed the child in imminent risk of physical or emotional impairment is not supported by substantial evidence, and we therefore annul the determination and grant the petition (see Matter of Jacqueline G. v Peters, 292 AD2d 785, 786 [4th Dept 2002]; see also Matter of Maurizio XX. v New York State Off. of Children & Family Servs., 125 AD3d 1174, 1175-1176 [3d Dept 2015]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court