Matter of Kern v New York State Cent. Register of Child Abuse & Maltreatment & Erie County Dept. of Social Servs. CPS Unit (2019 NY Slip Op 05876)





Matter of Kern v New York State Cent. Register of Child Abuse & Maltreatment & Erie County Dept. of Social Servs. CPS Unit


2019 NY Slip Op 05876


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


436 TP 18-02163

[*1]IN THE MATTER OF SUNANDA KERN, PETITIONER,
v
NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT AND ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES CPS UNIT, RESPONDENTS. 






SUNANDA KERN, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF COUNSEL), FOR RESPONDENT NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John F. O'Donnell, J.], entered November 20, 2018) to review a determination of New York State Office of Children and Family Services. The determination denied petitioner's request that a report maintained in the New York State Central Register of Child Abuse and Maltreatment, indicating petitioner for maltreatment, be amended to unfounded. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination made after a fair hearing that denied her request to amend an indicated report of maltreatment with respect to the subject child to an unfounded report, and to seal it. She contends that the determination that she committed acts of maltreatment, and that such maltreatment was relevant and reasonably related to childcare, is not supported by substantial evidence. We reject that contention. "It is well established that our review is limited to whether the determination to deny the request to amend and seal the [indicated] report is supported by substantial evidence in the record" (Matter of Lauren v New York State Off. of Children & Family Servs., 147 AD3d 1322, 1322 [4th Dept 2017] [internal quotation marks omitted]). "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . [,] [and] hearsay evidence . . . [,] if it is sufficiently reliable and probative, may constitute sufficient evidence to support a determination" (Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1493 [4th Dept 2016] [internal quotation marks omitted]). "To establish maltreatment, the agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child[ ] had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child[ ] with appropriate supervision or guardianship" (id. [internal quotation marks omitted]).
The evidence at the hearing, including petitioner's own admission and the records of caseworkers, established that she repeatedly and falsely accused the child's father of sexual abuse, which caused the child to be subjected to repeated unnecessary professional examinations and interviews, harming the child's physical, mental, or emotional well-being. We thus conclude that, on the record before us, substantial evidence supports the determination of the Administrative Law Judge (ALJ) that it was established by a preponderance of the evidence that petitioner maltreated the child (see Matter of Daniel D., 57 AD3d 444, 444 [1st Dept 2008], lv dismissed 12 NY3d 906 [2009]; see generally Matter of Salvatore M. [Nicole M.], 104 AD3d 769, 769 [2d Dept 2013], lv denied 21 NY3d 858 [2013]; Matter of Morgan P., 60 AD3d 1362, [*2]1362 [4th Dept 2009]).
Moreover, the evidence at the hearing established that petitioner failed to acknowledge that her false reports of child sexual abuse were harmful to the child and failed to appreciate the seriousness of her conduct, and we therefore conclude that substantial evidence supports the ALJ's determination that petitioner's maltreatment of the subject child was likely to recur (see Matter of Warren v New York State Cent. Register of Child Abuse & Maltreatment, 164 AD3d 1615, 1617 [4th Dept 2018]) and was reasonably related to employment in childcare (see id.; Matter of Garzon v New York State Off. of Children & Family Servs., 85 AD3d 1603, 1604 [4th Dept 2011]; Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [4th Dept 2005], lv denied 5 NY3d 702 [2005]).
Finally, we do not consider those arguments made or materials submitted by petitioner for the first time in this proceeding, inasmuch as she did not present such arguments or submit such materials to the ALJ (see Matter of Levine v New York State Liq. Auth., 23 NY2d 863, 864 [1969]; Matter of Kahn v Planning Bd. of City of Buffalo, 60 AD3d 1451, 1451-1452 [4th Dept 2009], lv denied 13 NY3d 711 [2009]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court