Matter of McShanley v New York State Off. of Children & Family Servs. (2023 NY Slip Op 00577)

Matter of McShanley v New York State Off. of Children & Family Servs.

2023 NY Slip Op 00577

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

928 TP 22-01095

[*1]IN THE MATTER OF TARA MCSHANLEY, PETITIONER,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, RESPONDENT. 

PULLANO & FARROW, ROCHESTER (MALLORY K. SMITH OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wayne County [John B. Nesbitt, A.J.], entered May 13, 2022) to review a determination of respondent. The determination denied petitioner's request that a report maintained in the New York State Central Register of Child Abuse and Maltreatment, indicating petitioner for abuse and maltreatment, be amended to unfounded. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination made after a fair hearing that, inter alia, denied her request to amend to unfounded as against her an indicated report of abuse for allowing a sex offense to be committed against her older daughter (see 18 NYCRR 432.1 [a] [3]) and of maltreatment for impairing the emotional condition of her older daughter and her younger daughter (see 18 NYCRR 432.1 [b] [1] [ii]) and to seal that report (see Social Services Law § 422 [8] [a] [v]; [c] [ii]). Contrary to petitioner's contention, we conclude on the record before us that "the determination that [the Wayne County Department of Social Services] established by a fair preponderance of the evidence at the fair hearing that petitioner [abused her older daughter and] maltreated the subject children and that such [abuse and] maltreatment w[ere] relevant and reasonably related to childcare employment is supported by substantial evidence" (Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1494 [4th Dept 2016]). We have considered petitioner's remaining contentions
and conclude that they lack merit.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court