Matter of Alejo-crutchfield v State of New York Off. of Children & Family Servs. (2025 NY Slip Op 00748)

Matter of Alejo-crutchfield v State of New York Off. of Children & Family Servs.

2025 NY Slip Op 00748

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

65 TP 24-01375

[*1]IN THE MATTER OF ISAMAR ALEJO-CRUTCHFIELD, PETITIONER,
v
STATE OF NEW YORK OFFICE OF CHILDREN AND FAMILY SERVICES AND JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 

TULLY RINCKEY, PLLC, ROCHESTER (JARED K. COOK OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT STATE OF NEW YORK OFFICE OF CHILDREN AND FAMILY SERVICES.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Onondaga County [Danielle M. Fogel, J.], dated August 19, 2024) to review a determination of respondent State of New York Office of Children and Family Services. The determination denied petitioner's request that a report maintained in the New York State Central Register of Child Abuse and Maltreatment, indicating petitioner for maltreatment, be amended to unfounded. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination made after a fair hearing that denied her request to amend an indicated report of maltreatment with respect to the subject child to an unfounded report and to seal that report. Contrary to petitioner's contention, we conclude on the record before us that "the determination that [respondent Jefferson County Department of Social Services] established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject child[ ] . . . is supported by substantial evidence" (Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1494 [4th Dept 2016]; see Matter of McShanley v New York State Off. of Children & Family Servs., 213 AD3d 1253, 1254 [4th Dept 2023]; Matter of Kern v New York State Cent. Register of Child Abuse & Maltreatment, 174 AD3d 1434, 1435-1436 [4th Dept 2019], lv denied 34 NY3d 906 [2019]). We have considered petitioner's remaining contention and conclude that it lacks merit.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court