Matter of Blair v New York State Off. of Children & Family Servs. (2025 NY Slip Op 07145)

Matter of Blair v New York State Off. of Children & Family Servs.

2025 NY Slip Op 07145

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

830 TP 25-00639

[*1]IN THE MATTER OF SARAH BLAIR, PETITIONER,
vNEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT AND ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 

GROSS SHUMAN, P.C., BUFFALO (B. KEVIN BURKE, JR., OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Emilio Colaiacovo, J.], entered April 15, 2025) to review a determination of respondents. The determination found that the indicated report of maltreatment against petitioner maintained in the New York State Central Register of Child Abuse and Maltreatment is relevant and reasonably related to her employment in childcare. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination following a fair hearing finding that the indicated report of maltreatment against her is relevant and reasonably related to her employment in childcare (see Social Services Law § 422 [8] [c] [ii]). Contrary to petitioner's contention, we conclude on the record before us that the determination that petitioner's acts of maltreatment were relevant and reasonably related to childcare is supported by substantial evidence (see Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1494 [4th Dept 2016]; Matter of Garzon v New York State Off. of Children & Family Servs., 85 AD3d 1603, 1604 [4th Dept 2011]). We have considered petitioner's remaining contentions and conclude that they lack merit.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court