■ In the Matter of DIANE L. BRAUCH, Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [796 NYS2d 452]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Children and Family Services which, inter alia, removed two foster children from petitioner's home.

Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of the decision of the Albany County Department of Children, Youth and Families, which was affirmed by respondent Commissioner of Children and Family Services, for the removal of two foster children—Christopher (born in 1999) and his sister, Brittany (born in 2000)—from petitioner's home. Additionally, petitioner challenges the Commissioner's denial of her request to amend her indicated report of maltreatment as "unfounded" and seal such report. The children's removal occurred after Brittany fell from a second-story window at petitioner's home, breaking her femur. As a result of the investigation, reports of inadequate guardianship and lack of supervision were filed against petitioner with the New York State Central Register of Child Abuse and Maltreatment. Petitioner requested and received a fair hearing on both issues and, following adverse determinations, commenced this proceeding, which has been transferred to this Court by Supreme Court.

Petitioner makes two arguments: first, that the removal decision should be reversed since the Commissioner failed to produce substantial evidence that the best interests of the children were served by removing them from petitioner's home, and, second, that the decision affirming the indicated charges of in-

adequate guardianship and lack of supervision should be reversed because those findings are not supported by a preponderance of the evidence. Neither argument has merit. "When reviewing an agency's determination, a court does not conduct a de novo review of the best interests of the child, but rather, 'the usual [CPLR] article 78 standards of review are applicable' " (*Matter of John B. v Niagara County Dept. of Social Servs.*, 289 AD2d 1090, 1091-1092 [2001], quoting *Matter of O'Rourke v Kirby*, 54 NY2d 8, 13 [1981]). While the best interests of the children are of great relevance, we do not substitute our judgment for that of the agency in resolving this issue even if we might have acted differently in some circumstances (*see Matter of O'Rourke v Kirby, supra* at 14-15 n 2; *Matter of John B. v Niagara County Dept. of Social Servs., supra* at 1092). Our review, therefore, is limited to an examination of whether the determination is rational and supported by substantial evidence (*see Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1008 [1997]). A record contains substantial evidence to support an administrative determination " 'when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof' " (*Matter of Gerald G. v State of N.Y. Dept. of Social Servs.*, 248 AD2d 918, 919 [1998], quoting *Matter of Kenneth VV. v Wing, supra* at 1008).

Here, the record contains substantial evidence supporting the respective determinations. A child protective services caseworker examined petitioner's home shortly after the accident in question and found it to be extremely cluttered and disorganized, to the extent of being unsanitary. The investigation additionally revealed that petitioner put the children down for naps on the second floor and proceeded to the basement to do a variety of domestic chores. No baby monitors were activated, despite the fact that Christopher suffers from attention deficit hyperactivity disorder, resulting in his being in "constant motion," to quote petitioner. Approximately an hour later, petitioner was informed by a neighbor, who had to break into her garage and pound on her kitchen door to get her attention, that the youngest child was lying prone outside. Competing facts, and inferences drawn therefrom, as to the condition of the window at the time that Brittany fell were for the Commissioner to resolve (*see Matter of Mary Y. v Perales*, 186 AD2d 325, 325 [1992]).

With respect to the finding of maltreatment, it is, as petitioner argues, necessary at an administrative expungement hearing that such maltreatment be established by a fair preponderance of the evidence. Our review of that determination, however, is to determine if it was rational and supported by substantial evi-

dence (*see Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]). Applying these standards of review to the record, we conclude that rational minds could readily accept the conclusion that the conduct of petitioner warranted permanent removal of the foster children and that the finding of maltreatment was warranted.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.