■ In the Matter of TONETTE E., Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [807 NYS2d 694]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which denied petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.

Petitioner's request that an indicated report against her concerning inadequate guardianship of her eight-year-old son be amended to unfounded and expunged was denied. Following an administrative hearing held pursuant to Social Services Law § 422 (8) (a) and (b), the Administrative Law Judge determined

that the indicated report was supported by a fair preponderance of the evidence and, thereafter, respondent denied petitioner's request to amend the report to unfounded. Petitioner's subsequent CPLR article 78 proceeding was transferred to this Court by Supreme Court pursuant to CPLR 7804 (g).

At an administrative expungement hearing, a report of child abuse or maltreatment must be established by a fair preponderance of the evidence (*see Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]). However, on appeal, this Court's focus is on whether the administrative determination is supported by substantial evidence, which exists when reasonable minds could adequately accept the conclusion based on the relevant proof (*see Matter of Brauch v Johnson*, 19 AD3d 799, 800 [2005]). To establish that maltreatment occurred, the agency must show that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the parent's failure to exercise a minimum degree of care (*see* 18 NYCRR 432.1 [b] [1]; *Matter of Matthew WW. v Johnson*, 20 AD3d 669, 671 [2005]).

Here, substantial evidence that petitioner's son was in imminent physical danger exists and consists of the caseworker's interview with petitioner's son in which he told her that his stepfather had "lots of guns, pistols, rifles all over the house" under pillows and in bags, the caseworker's observation of the police who conducted a consent search of petitioner's premises and reported to the caseworker that they found 11 handguns and three rifles, some of which were loaded, in various places throughout the home, including under towels, around a futon and in bags, and petitioner's admission that although she knew her husband had a "gun collection," she did not know where they were kept, only assuming that they were "in a safe place." Petitioner's further testimony that she never saw any weapons lying within the reach of her son created a credibility issue which, when considered in the context of the entire record, we conclude was properly resolved against petitioner (*see Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263 [2003]).

Moreover, petitioner's evidentiary arguments are unpersuasive. It is well settled that at administrative hearings hearsay is admissible (*see Matter of Vincent KK. v State of N.Y. Off. of Children & Family Servs.*, 284 AD2d 777, 777 [2001]; *Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]) and will constitute substantial evidence if, as here, it is found to be relevant and sufficiently probative (*see Matter of King v New York State Dept. of Health*, 295 AD2d 743, 744 [2002]). Also, since the strict

formal rules of evidence need not be observed at administrative hearings (*see Matter of Flanagan v New York State Tax Commn.*, 154 AD2d 758, 759 [1989]), the best evidence rule does not mandate the production of a receipt from the police for the seized weapons and a negative inference need not be drawn from the failure to produce such a receipt.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.