■ In the Matter of ANTHONY WASHINGTON et al., Petitioners, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [867 NYS2d 213]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioners' request to amend and seal an indicated report of child maltreatment.

Petitioners Anthony Washington and Joanne Washington (hereinafter collectively referred to as petitioners) were the foster parents of three siblings (hereinafter the Doe children). In December 2004, the New York State Central Register of Child Abuse and Maltreatment received a report that the Washingtons' adult daughter, petitioner Janelle Washington (hereinafter Washington), had abused the Doe children in her parents' home in Albany County. The report was initially indicated, but, following a challenge, it was amended as unfounded and sealed based on a jurisdictional determination that Washington, who apparently did not reside with her parents, was not a *"[p]erson legally responsible for [the children]"* (18 NYCRR 432.1 [c]).

In February 2005, another report was made regarding possible maltreatment of the Doe children, which, among other things, alleged inadequate guardianship by petitioners and Washington, and accused Washington of striking the Doe children. After an investigation, the 2005 report was indicated against petitioners and Washington for inadequate guardianship. Subsequently, these parties requested that the 2005 report be amended as unfounded and sealed, which request was denied, prompting petitioners and Washington to commence this CPLR article 78 proceeding.

Petitioners and Washington maintain that respondent was precluded by the doctrines of collateral estoppel or res judicata from proceeding against them based upon the contents of the 2004 report which was determined to be unfounded. Prefatorily,

we note that inasmuch as respondent indicates that it will amend the 2005 report to reflect that Washington is not an indicated subject thereof, the determination will be modified to that extent, leaving only the issues concerning petitioners to be resolved herein.

Petitioners cannot prevail on their collateral estoppel or res judicata arguments since they failed to raise these claims during the administrative process, therefore, they are "not preserved for our review" (*Matter of Fleming v Goord*, 28 AD3d 972, 973 [2006]; *see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]). In any event, even if the issues were properly before us, we would find them unpersuasive. Notably, both doctrines require identity of parties and, inasmuch as petitioners in this case were not the subjects of the 2004 report and no findings were made against them, neither collateral estoppel nor res judicata applies (*see generally Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347, 349 [1999]).

Turning to the merits, we conclude that there is substantial evidence to support the determination based on the 2005 report that the Doe children's "physical, mental or emotional condition [was] impaired or [was] in imminent danger of becoming impaired as a result of the failure of [petitioners] to exercise a minimum degree of care . . . in providing the[m] . . . with proper supervision or guardianship" (18 NYCRR 432.1 [b] [1] [ii]; *see Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]; *Matter of Brauch v. Johnson*, 19 AD3d 799, 800 [2005]). Here, the record indicates that prior complaints regarding Washington's alleged improper conduct towards the children in her parents' care resulted in an agreement by petitioners that they would not allow Washington to be left alone with them. Nevertheless, evidence was produced that, following this agreement, Washington was often alone with the Doe children while petitioners were at work or in different parts of the house. There was also proof that Washington repeatedly struck those children. While petitioners and Washington testified to the contrary, their testimonies were found not credible. Under the circumstances, we find no basis to disturb those credibility determinations (*see Matter of Stephen C. v Johnson*, 39 AD3d 932, 933-934 [2007], *lv denied* 9 NY3d 804 [2007]).

The remaining issues set forth by petitioners have been examined and found to be without merit.

Mercure, Peters, Carpinello and Kavanagh, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by amending the subject indicated report to show that it

was unfounded as against petitioner Janelle Washington; record sealed to that extent; and, as so modified, confirmed.