■ In the Matter of MICHAEL X., Petitioner, v NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT, Respondent. [908 NYS2d 765]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Office of Children and Family Services which, after a hearing, denied petitioner's application to have a report maintained by respondent amended to be unfounded and expunged.

In December 2006, an investigation was initiated against petitioner based upon allegations that he sexually abused his stepdaughter. Thereafter, the Washington County Department of Social Services determined that the report against petitioner was supported by credible evidence. As a result, the report was indicated and filed with respondent. Petitioner then contacted the Office of Children and Family Services (hereinafter OCFS) and requested that the report be amended from indicated to unfounded. OCFS denied the request and scheduled an administrative hearing pursuant to Social Services Law § 422 (8). Subsequent to the hearing, OCFS again denied petitioner's request and he thereafter commenced this CPLR article 78 proceeding.

We confirm. Whether a report of abuse is indicated must be

established at the hearing by a fair preponderance of the evidence, but our review is restricted to whether the administrative determination was supported by substantial evidence or, rather, whether "reasonable minds could adequately accept the conclusion based on the relevant proof" (*Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]; *see Matter of Stephen C. v Johnson*, 39 AD3d 932, 933 [2007], *lv denied* 9 NY3d 804 [2007]). Here, the victim's accounts of the abuse and the description of her abuser were consistent throughout her interviews with police and caseworkers, as well as in her grand jury testimony, during which she unequivocally identified petitioner. The fact that there were minor inconsistencies in the victim's various accounts and that petitioner denied the allegations during the hearing presented credibility determinations to be made by the Administrative Law Judge, which we see no reason to disturb (*see Matter of Stephen C. v Johnson*, 39 AD3d at 933; *Matter of Stephen FF. v Johnson*, 23 AD3d 977, 978 [2005]).

We have examined petitioner's remaining contentions, including that the Administrative Law Judge was biased, and have found them to be without merit.

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.