In the Matter of JOHN R. et al., Petitioners, v STATE OF NEW YORK OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [948 NYS2d 726]—

Mercure, J.P.

In 2008, petitioner Patricia R. was informed by her brother (hereinafter the uncle) that he had sexually abused her oldest daughter, who was born in 1997. Although the uncle owned and resided in the same duplex as petitioners' family, Patricia R. and her husband, petitioner John R., did not immediately call police; rather, they contacted their medical provider for advice on how to approach the child, who is autistic. Petitioners were instructed to work with the child's social worker when school resumed a couple weeks later, at which point they notified the school psychologist of the abuse and reported it to respondent Central Register of Child Abuse and Maltreatment. The uncle, who had moved out of his apartment, was arrested. He ultimately pleaded guilty to sexual abuse in the first degree, and was sentenced to 2½ years in prison, to be followed by 10 years' postrelease supervision.

Orders of protection against the uncle were issued, including a one-year stay away order of protection in November 2008, directing that the uncle have no contact with the child or petitioners' middle child. It is undisputed that a child protective services caseworker also informed petitioners in September 2008 that they were not to permit any of their three children to have contact with the uncle. After an interview of the children by caseworkers revealed continuing contact with the uncle, petitioners were "indicated" for child maltreatment in a report maintained by the Central Register. Following a hearing, respondent Office of Children and Family Services denied petitioners' request to amend the report to unfounded, prompting this CPLR article 78 proceeding challenging that determination.

We confirm. While a report of maltreatment must be substantiated by a preponderance of the evidence at the administrative

hearing, "our review is restricted to whether the . . . determination was supported by substantial evidence or, rather, whether 'reasonable minds could adequately accept the conclusion based on the relevant proof' " (*Matter of Michael X. v New York State Cent. Register of Child Abuse & Maltreatment*, 77 AD3d 1026, 1027 [2010], quoting *Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]; *see Matter of Brauch v Johnson*, 19 AD3d 799, 800-801 [2005]). Here, petitioners acknowledged that they understood the caseworker's directive of no contact to mean "not saying hi or certainly no physical contact." Nevertheless, the children reported that they saw the uncle at the duplex where they resided and greeted him, Patricia R. told them that they could say "hi" to the uncle when they saw him at the duplex or at church, and the middle child sometimes answered the telephone when petitioners' caller identification system indicated that the uncle was calling. Further, Patricia R. admittedly sent the youngest child to the uncle's apartment to retrieve a tool from him, because her physical condition made it difficult to do so herself, and conceded that she would have acted differently if it was not her own brother who abused the oldest child. In light of the foregoing, substantial evidence exists to support the determination that the children's "physical, mental or emotional condition [was] impaired or [was] in imminent danger of becoming impaired as a result of the failure of [petitioners] to exercise a minimum degree of care . . . in providing [them] with proper supervision or guardianship" (18 NYCRR 432.1 [b] [1] [ii]; *accord Matter of Washington v New York State Off. of Children & Family Servs.*, 55 AD3d 1117, 1118 [2008]; *see Matter of Stephen C. v Johnson*, 39 AD3d 932, 933-934 [2007], *lv denied* 9 NY3d 804 [2007]).

Kavanagh, Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.