Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
A report was received in September 2006 of domestic violence perpetrated by petitioner upon his wife in the presence of their children (born in 1995 and 2000). The report was indicated for maltreatment of the children following an investigation by Suffolk County Child Protective Services. A Family Court neglect proceeding (see Family Ct Act art 10) arising from the same incident resulted in an adjournment in contemplation of dismissal. In October 2010, petitioner requested that the maltreatment report be amended to unfounded. Following a hearing, an Administrative Law Judge denied petitioner’s request. This proceeding ensued.
*1286 “Our review of a finding that a child has been maltreated is limited to whether substantial evidence exists establishing that ‘the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the parent’s failure to exercise a minimum degree of care’ ” (Matter of Susan XX. v Tioga County Dept. of Social Servs., 74 AD3d 1543, 1543-1544 [2010], quoting Matter of Tonette E. v New York State Off. of Children & Family Servs., 25 AD3d 994, 995 [2006]; see Matter of Stephen C. v Johnson, 39 AD3d 932, 933 [2007], lv denied 9 NY3d 804 [2007]). Domestic violence instigated in a child’s presence upon the child’s parent can impair or place in imminent danger the child’s mental or emotional condition (see e.g. Matter of Shiree G. [Robert E.], 74 AD3d 1416, 1417 [2010]). Conflicting or inconsistent testimony at a hearing presents credibility issues for determination by respondent (see Matter of Michael X. v New York State Cent. Register of Child Abuse & Maltreatment, 77 AD3d 1026, 1027 [2010]; Matter of Washington v New York State Off. of Children & Family Servs., 55 AD3d 1117, 1118 [2008]).
Petitioner’s wife testified that, in the children’s presence, petitioner had kicked her, pulled her off a bed by her legs, jumped on her, pinned her down and choked her. She recalled that the children were screaming and crying as these acts occurred. She related that petitioner also called her derogatory names and made accusations of salacious conduct when the children were in the room. The individual from Suffolk County Child Protective Services who investigated the complaints regarding petitioner indicated that in his interview with the older child, the child recalled seeing the incident and screaming for petitioner to get off the children’s mother. The younger child reported to the investigator that he observed, among other things, petitioner’s hands on the neck of the mother. The younger child expressed to the investigator his fear that petitioner, who the child said gets very angry, was going to kill the mother. Petitioner attempted in his testimony and other proof to point to a much different scenario regarding both the pertinent events and his relationship with his wife. This proof, as well as the inconsistencies in some of the versions of events, created credibility issues. The Administrative Law Judge specifically found the version of events related by petitioner’s wife to be credible and, accepting that finding, there is substantial evidence in the record supporting respondent’s determination.
Peters, P.J., Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.