■ In the Matter of JACQUELINE BETHEA, Petitioner, v SHEILA J. POOLE, Respondent. [51 NYS3d 503]—

Determination of respondent, dated April 18, 2014, which, upon findings that petitioner had committed maltreatment of a child and that such maltreatment is relevant and reasonably related to child-care employment, adoption of a child, or the provision of foster care, denied the petitioner's request that the indicated report against her be amended to unfounded and sealed, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter H. Moulton, J.]; entered on or about Jan. 30, 2015), dismissed, without costs.

The determination is supported by substantial evidence (see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 417 [1991]) showing that petitioner, a foster parent to the child, had maltreated the child by poking the child with her fist and verbally abusing the child (see Matter of Justin A. [Derek C.], 133 AD3d 1106, 1107-1108 [3d Dept 2015], lv denied 27 NY3d 904 [2016]). The Administrative Law Judge providently found that because of the child's post-traumatic stress disorder and mild mental retardation, petitioner's actions put the child at risk of emotional impairment (see Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]; see also 18 NYCRR 432.1 [b] [1]).

Petitioner's remaining contentions, to the extent preserved for our review, are unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels and Webber, JJ.