Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment (2018 NY Slip Op 05252)





Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment


2018 NY Slip Op 05252


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525961

[*1]In the Matter of MICHELLE U., Appellant,
v
NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE & MALTREATMENT, Respondent.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Bergstein & Ullrich, LLP, New Paltz (Stephen Bergstein of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Office of Children and Family services denying petitioner's application to have a report maintained by respondent amended to be unfounded and expunged.
In 2015, the Ulster County Department of Social Services (hereinafter DSS) investigated a report of maltreatment involving petitioner, who operated a children's day-care facility. The allegations stemmed from an incident where a child, who was four years old at the time and acting unruly, sustained bruising after petitioner grabbed his neck and arm while trying to separate him from the other children. After an investigation, DSS found that the report against petitioner was indicated. Petitioner subsequently requested that the Office of Children and Family Services amend the report from indicated to unfounded, but the request was denied. Following an evidentiary hearing, the Hearing Officer determined that petitioner maltreated the child. Petitioner thereafter commenced this CPLR article 78 proceeding, which was transferred to this Court (see CPLR 7804 [g]), seeking to annul the determination and have the report amended to be unfounded and expunged. We confirm.
To establish maltreatment, "the agency was required to demonstrate by a fair [*2]preponderance of the evidence that the child's physical, mental or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of the caregiver's failure to exercise a minimum degree of care in providing the child with appropriate supervision" (Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1110 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Tonette E. v New York State Off. of Children & Family Servs., 25 AD3d 994, 995 [2006]; see generally Matter of Natasha W. v New York State Off. of Children & Family Servs., ___ NY3d ___, ___, 2018 NY Slip Op 04379, *1 [2018]). Our review is limited to whether substantial evidence supports the determination (see Matter of John R. v State of N.Y. Off. of Children & Family Servs., 97 AD3d 958, 959 [2012]; Matter of Susan XX. v Tioga County Dept. of Social Servs., 74 AD3d 1543, 1543 [2010]). Furthermore, "where there are two conflicting accounts of events, it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable" (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997]; see Matter of Stephen C. v Johnson, 39 AD3d 932, 933-934 [2007], lv denied 9 NY3d 804 [2007]).
According to the hearing testimony of the DSS caseworkers who investigated the matter, the child told them that petitioner squeezed him by the neck because he was behaving poorly. Furthermore, the child demonstrated to both caseworkers how petitioner grabbed him at his throat and that, afterwards, he could barely breathe. One caseworker testified that she observed bruises on the back of the child's arm and on the front of his neck. In view of this testimony, which the Hearing Officer credited, and the documentary evidence, including the urgent care report indicating that, on the day in question, the child presented with bruising, we conclude that substantial evidence supports the determination of maltreatment (see Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [2005], lv denied 5 NY3d 702 [2005]; Matter of Ribya BB. v Wing, 243 AD2d at 1014-1015; Matter of Golden v Department of Social Servs. of Broome County, 155 AD2d 853, 854 [1989]). To the extent that petitioner denied grabbing the child by his neck, this created a credibility issue for the Hearing Officer's resolution (see Matter of Martin MM. v New York State Off. of Children & Family Servs., 110 AD3d 1285, 1286 [2013]; Matter of Michael X. v New York State Cent. Register of Child Abuse & Maltreatment, 77 AD3d 1026, 1027 [2010]). Petitioner's remaining arguments have been considered and are without merit.
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.