Matter of Fields v New York State Off. of Children & Family Servs. (2021 NY Slip Op 05456)





Matter of Fields v New York State Off. of Children & Family Servs.


2021 NY Slip Op 05456


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 101177/19 Appeal No. 14336 Case No. 2020-02197 

[*1]In the Matter of Ryan Fields, Petitioner,
v
New York State Office of Children and Family Services et al., Respondents.


Jonathan, Rosenberg, PLLC, Brooklyn (Ralph P. Franco, Jr. of counsel), for petitioner.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondents.



Determination of respondent New York State Office of Children and Family Services, dated October 16, 2018, after a hearing, that petitioner committed maltreatment of a child and that the maltreatment is relevant and reasonably related to child-care employment, adoption of a child, or the provision of foster care, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.], entered November 7, 2019), dismissed, without costs.
Respondent's determination that petitioner maltreated his daughter is supported by substantial evidence that petitioner choked the child, struck her in the face, caused her to fall and suffer injuries to her head, neck and arm, and taunted her about suicide (see Matter of Bethea v Poole, 149 AD3d 513 [1st Dept 2017]; Matter of Jello v Perales, 206 AD2d 532, 533 [2d Dept 1994]; see Social Services Act § 412[2][a]; Family Court Act § 1012[f][i][B]).
Petitioner's contention that the evidence shows that he was merely defending himself and that his daughter's injuries were more than likely self-inflicted is unavailing on this record; where there is a conflict in the testimony and either of two inferences may be drawn, the duty of choosing between the inferences is the agency's, and the courts may not reject the agency's choice (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).
Although respondent produced no witnesses at the hearing and relied upon documentary evidence, its determination was not based solely on hearsay; petitioner's own testimony supported the determination. In any event, respondent's hearsay evidence was relevant and sufficiently probative to be admissible at this administrative hearing (see Matter of Tonette E. v New York State Off. of Children & Family Servs., 25 AD3d 994, 995 [3d Dept 2006]; Matter of Parker v Carrion, 90 AD3d 512, 512 [1st Dept 2011]).
Substantial evidence also supports respondent's determination that petitioner's maltreatment of his daughter is "relevant and reasonably related to" employment as a childcare provider, the adoption of a child, and the provision of foster care (Social Services Law § 422[8][c][ii]; see Matter of Leeper v New York State Off. of Children & Family Servs., 164 AD3d 1614, 1615 [4th Dept 2018]). In evaluating petitioner, respondent considered the guideline factors, the weight to be given to each of which is reserved to respondent (see Social Services Law § 424-a[5]; 300 Gramatan Ave. Assoc., 45 NY2d at 180). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021