█ In the Matter of STEPHEN FF., Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [804 NYS2d 473]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tioga

County) to review a determination of the Office of Children and Family Services which denied petitioner's request to amend and seal a report maintained by the Central Register of Child Abuse and Maltreatment.

A report was filed with the Office of Children and Family Services (hereinafter OCFS) alleging that petitioner fondled his then 15-year-old daughter on several occasions during weekend visitation. OCFS investigated and determined that credible evidence established that petitioner sexually abused his daughter. As a result, the report was indicated and filed in the Central Register of Child Abuse and Maltreatment. Petitioner requested that the report be amended from indicated to unfounded and sealed. OCFS denied that request and scheduled an administrative hearing pursuant to Social Services Law § 422 (8). After the hearing, OCFS again denied petitioner's request, prompting him to file this proceeding to annul that determination.

We confirm. Our review must focus on whether substantial evidence supports OCFS's determination that the Tioga County Department of Social Services proved petitioner's abuse of his daughter by a fair preponderance of the evidence (*see Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263 [2003]; *Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]). Hearsay is admissible at expungement hearings and may, if relevant and probative, constitute substantial evidence to support the determination (*see Matter of Jeannette LL. v Johnson, supra* at 1263; *Matter of Gerald G. v State of N.Y. Dept. of Social Servs.*, 248 AD2d 918, 919 [1998]; *Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]). This Court will not weigh conflicting testimony or second guess the credibility determinations of the administrative factfinder (*see Matter of Gerald G. v State of N.Y. Dept. of Social Servs., supra* at 920; *Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1010 [1997]).

Here, the daughter's sworn statement and caseworkers' notes reflecting her disclosures of petitioner's abuse established that petitioner fondled his daughter's breasts and vagina on six or seven occasions. Although criminal charges against petitioner were adjourned in contemplation of dismissal and the abuse petition was withdrawn, these outcomes were the result of a plea arrangement, based on the daughter's embarrassment and possible reluctance to testify, which included an order of protection prohibiting contact between petitioner and his daughter. OCFS found the testimony of petitioner and his wife denying the abuse not credible and gave reasons for these credibility findings. Based on the substantive hearsay documents, substantial evi-

dence supports OCFS's determination that petitioner abused his daughter.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.