Rumsey, J.
 

 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chenango County) to review a determination of the Office of Children and Family Services partially denying petitioner’s application to have a report maintained by respondent Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
 

 In March 2014, the Office of Children and Family Services (hereinafter OCFS) received a report alleging that petitioner had sexually abused the two daughters of his live-in fiancée, then seven and eight years old. Upon completion of an investigation—during which a Child Protective Services caseworker interviewed both children—certain of the allegations of sexual abuse against petitioner were indicated, specifically, that he had touched the genitals of both children through their clothing and had forced the older child to touch his fully-clothed penis with her hands. After petitioner’s request to amend the report from indicated to unfounded was denied upon administrative review, an administrative hearing was held. At the conclusion of that hearing, OCFS partially granted petitioner’s request, finding that there was not a fair preponderance of the evidence to show that petitioner sexually abused the younger child. However, OCFS found that there was a fair preponderance of the evidence to show that petitioner sexually abused the older child and that petitioner failed to provide the younger child with adequate guardianship, and, thus, both children were maltreated. Petitioner timely commenced this CPLR article 78 proceeding seeking to annul the determination and have the report amended to be unfounded and expunged. The matter was thereafter transferred to this Court pursuant to CPLR 7804 (g).
 

 “In order to establish maltreatment, the agency must demonstrate—by a fair preponderance of the evidence—that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his or her caregiver to exercise a minimum degree of care in providing him or her with proper supervision or guardianship. Upon review, this Court’s inquiry is limited to ascertaining whether the agency’s determination is supported by substantial evidence, i.e., whether reasonable minds could adequately accept the conclusion based on the relevant proof” (Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d 1174, 1175-1176 [2014] [internal quotation marks, brackets, ellipses and citations omitted]). In that regard, “[t]his Court will not weigh conflicting testimony or second guess the credibility determinations of the administrative factfinder” (Matter of Stephen FF. v Johnson, 23 AD3d 977, 978 [2005]).
 

 Here, the evidence against petitioner consisted entirely of the hearsay allegations made by the children. The Child Protective Services caseworker testified regarding her interviews with the children, and the Administrative Law Judge (hereinafter the ALJ) viewed DVD recordings of the interviews. The ALJ determined that petitioner did not sexually abuse the younger child and that he did not inappropriately touch the older child, but, rather, only touched her incidentally while “scooching” her away from the edge of the bed to prevent her from falling. However, the ALJ concluded that the older child’s hearsay allegations supported the determination that petitioner had, notwithstanding his denial, sexually abused the older child by forcing her to touch his genital area, near his penis, with her hand.
 

 “To be sure, an administrative determination may, under appropriate circumstances, be based entirely upon hearsay evidence, and there is no question that hearsay is admissible in expungement hearings and, if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination” (Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d at 1176 [internal quotation marks and citations omitted]; see Matter of Stephen FF. v Johnson, 23 AD3d at 978-979). Upon reviewing the recording of the caseworker’s interview of the older child, the ALJ found the child to be a credible witness for a number of reasons, notably the change in her demeanor when she began speaking about petitioner forcing her to touch him and the reason that she provided for finally deciding to report the abuse. The ALJ also found that the older child’s testimony was corroborated, to an extent, by petitioner’s admission that he entered her bedroom at night and repositioned her in the manner described by the child.
 

 By contrast, the ALJ found petitioner to be less credible, citing his testimony that the mother had disciplined the children by repeatedly beating them with a studded belt—approximately 200 times during the two years he had lived with the mother and the children—as being particularly incredible, inasmuch as there was no evidence that either child had sustained any physical injuries during the relevant time period. Moreover, the ALJ also found it inconceivable that petitioner would not have taken affirmative action to address such extreme discipline, especially in light of the fact that, as a paramedic, he was a mandated reporter of child abuse. The AUJ also found that petitioner’s testimony that the mother was responsible for disciplining the children was contradicted by the testimony of his witnesses and his character references, who all described the mother as being frequently absent and uninvolved, thereby leaving petitioner to entertain and discipline the children. Under the particular facts of this case, we conclude that the hearsay allegations of the older child were sufficiently reliable and that substantial evidence supports the determination that petitioner abused the older child and, therefore, that both children were maltreated.
 

 Garry, J.P., Egan Jr., Rose and Mulvey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.