Matter of Elizabeth W. v Broome County Dept. of Social Servs. (2021 NY Slip Op 06732)





Matter of Elizabeth W. v Broome County Dept. of Social Servs.


2021 NY Slip Op 06732


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532122
[*1]In the Matter of Elizabeth W., Petitioner,
v
Broome County Department of Social Services, Respondent, and New York State Office of Family and Children's Services, Respondent.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Garufi Law, PC, Binghamton (Alena E. Van Tull of counsel), for petitioner.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for New York State Office of Family and Children's Services, respondent.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Office of Children and Family Services [FN1] denying petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
Petitioner is the mother of three children (born in 2004, 2008 and 2012). On May 17, 2019, the Central Register of Child Abuse and Maltreatment received a report alleging that petitioner had — on more than one occasion, including earlier that day — operated a motor vehicle while under the influence of alcohol with the children in the vehicle. The report further alleged that petitioner consumed alcohol to the point of intoxication while the children were in her care. Respondent Broome County Department of Social Services conducted an investigation into the report, and ultimately the report was marked as indicated for maltreatment by way of inadequate guardianship and alcohol misuse. Petitioner thereafter requested that the report be amended to be unfounded and sealed. That request was denied upon administrative review and an administrative hearing ensued. Following the administrative hearing, an Administrative Law Judge determined that the maltreatment allegations were supported by a preponderance of the evidence and that the indicated report may be disclosed to any inquiring licensing or provider agency pursuant to Social Services Law § 424-a. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination, and the matter was thereafter transferred to this Court pursuant to CPLR 7804 (g).
We confirm. As relevant here, to establish maltreatment, an agency must demonstrate, by a fair preponderance of the evidence, that the children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child[ren] with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, . . . or by misusing alcoholic beverages to the extent that he [or she] loses self-control of his [or her] actions" (18 NYCRR 432.1 [b] [1] [ii]; see Matter of Charlotte MM. v Commissioner of Children & Family Servs., 159 AD3d 1081, 1083 [2018]). In reviewing a finding of maltreatment, this Court is limited to assessing whether substantial evidence supports the determination (see Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d 1236, 1237 [2018]; Matter of Martin MM. v New York State Off. of Children & Family Servs., 110 AD3d 1285, 1286 [2013]). "Courts will generally not interfere with the credibility determinations made by an agency after a hearing and, '[i]f substantial evidence is present in the record, this Court cannot substitute [*2]its own judgment for that of the administrative agency, even if a contrary result is viable'" (Matter of Charlotte MM. v Commissioner of Children & Family Servs., 159 AD3d at 1083, quoting Matter of Stephen C. v Johnson, 39 AD3d 932, 933 [2007], lv denied 9 NY3d 804 [2007]). "[H]earsay is admissible in expungement hearings and, 'if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination'" (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997], quoting Matter of Robert OO. v Dowling, 217 AD2d 785, 786 [1995], affd 87 NY2d 1043 [1996]; see Matter of Tonette E. v New York State Off. of Children & Family Servs., 25 AD3d 994, 995 [2006]).
Contrary to petitioner's contentions, our review of the record confirms that the double hearsay evidence introduced at the expungement hearing was sufficiently relevant and probative to the inquiries of whether petitioner drove under the influence of alcohol with the children in the car and whether she failed to exercise a minimum degree of care in providing the children with proper supervision and guardianship by misusing alcohol to the extent of losing control of her actions (see Matter of Ribya BB. v Wing, 243 AD2d at 1014). Specifically, statements made to the investigating caseworker by the oldest and middle children, which were memorialized in the indicated report, supported the conclusion that petitioner drove under the influence of alcohol with the children in the car on at least two occasions in May 2019. Such statements were corroborated by petitioner's admissions that, after roughly five years of sobriety, she relapsed in or around mid-May and that she "had a buzz" while driving the children. Further, the oldest child reported to the caseworker that, on the evening of May 29, 2019, she observed petitioner to be intoxicated, "sick" and "throwing up," which prompted her to call her maternal grandparents. The oldest child's account was corroborated by the maternal grandfather, who stated that he believed petitioner to have been intoxicated on the night in question and that it was "an ongoing concern." Notwithstanding evidence that could support a contrary conclusion, upon consideration of the record evidence and according deference to the credibility determinations made by the Administrative Law Judge, we find that substantial evidence exists to support the finding that petitioner placed the physical, mental and emotional conditions of the children in imminent danger by driving them while under the influence of alcohol and by misusing alcohol to the extent of losing control while they were in her care (see Matter of Kordasiewicz v Erie County Dept. of Social Servs., 119 AD3d 1425, 1426 [2014]; Matter of Christine Y. v Carrion, 75 AD3d 831, 832 [2010]). Accordingly, we will not disturb the maltreatment determination.
To the extent that we have not expressly addressed any of petitioner's arguments, they have been reviewed and found to be lacking [*3]in merit.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: In the caption of the amended petition, respondent Office of Children and Family Services was improperly named as "Office of Family and Children's Services," although said party is properly described in the body of said petition.