Matter of Christopher JJ. v Spencer (2022 NY Slip Op 02466)

Matter of Christopher JJ. v Spencer

2022 NY Slip Op 02466

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532817
[*1]In the Matter of Christopher JJ., Petitioner,
v
Robert J. Spencer, as Administrative Law Judge of the Office of Children and Family Services, Respondent.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Christopher JJ., Cortland, petitioner pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent denying petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
Petitioner is the father of the subject child (born in 2014). In 2018, the Central Register of Child Abuse and Maltreatment received a report alleging that petitioner maltreated the child, who was three years old at the time, by exposing her to acts of domestic violence against the child's mother (hereinafter the mother). Specifically, the report alleged that petitioner exposed the child to physical, verbal and emotional domestic violence on multiple occasions, made unsubstantiated claims of abuse against the mother and claimed, in the presence of the child, that the child was kidnapped by custody exchange facilitators. The Tompkins County Department of Social Services (hereinafter DSS) conducted an investigation into the report, and ultimately the report was marked as indicated for maltreatment by way of inadequate guardianship and emotional neglect. Petitioner thereafter requested that the Office of Children and Family Services amend the report from indicated to unfounded and seal it. Following an evidentiary hearing, respondent denied the request, finding that DSS met its burden of proving by a fair preponderance of the evidence that petitioner maltreated the child. Petitioner thereafter commenced this CPLR article 78 proceeding, which was transferred to this Court (see CPLR 7804 [g]), seeking to annul the determination and have the report amended to be unfounded and expunged.
In order to establish maltreatment by a fair preponderance of the evidence, an agency must demonstrate that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, . . . or by any other acts of a similarly serious nature requiring the aid of the court" (18 NYCRR 432.1 [b] [1] [ii]; see Matter of Elizabeth W. v Broome County Dept. of Social Servs., 200 AD3d 1153, 1154-1155 [2021]; Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d 1236, 1237 [2018]). It is well established that "[d]omestic violence instigated in a child's presence upon the child's parent can impair or place in imminent danger the child's mental or emotional condition" (Matter of Martin MM. v New York State Off. of Children & Family Servs., 110 AD3d 1285, 1286 [2013] [citation omitted]; see Matter of Shiree G. [Robert E.], 74 AD3d 1416, 1417 [2010]; see also Matter of Brown v Velez, 153 AD3d 517, 518 [2017], appeal dismissed 30 NY3d 1028[*2][2017]).
"In reviewing a finding of maltreatment, this Court is limited to assessing whether substantial evidence supports the determination" (Matter of Elizabeth W. v Broome County Dept. of Social Servs., 200 AD3d at 1155 [citations omitted]; see Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d at 1237). "A determination is supported by substantial evidence when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof" (Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1110 [2014] [internal quotation marks and citations omitted]). Further, "'where there are two conflicting accounts of events, it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable'" (Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d at 1237-1238, quoting Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997]).
Upon our review of the record, we find that substantial evidence supports the finding of maltreatment. Several fact witnesses [FN1] corroborated the testimony of the mother that multiple acts of physical and verbal domestic violence occurred against her in the presence of the child, including an incident where the child was screaming and crying as petitioner strangled the mother in front of her, and another incident where petitioner repeatedly and aggressively forced a backpack of goods into the mother causing a "tumultuous scene" during a custody exchange which one fact witness testified left the child looking "shell shocked." Other testimony further detailed observations before and after visitations with petitioner where the child's behavior would markedly deteriorate into tantrums, becoming clingy, acting babyish, not eating well, having nightmares, "toe walking" and exhibiting other troubling behaviors. Some of these behaviors were videorecorded and admitted into evidence at the hearing, further corroborating the testimony of the fact witnesses. Although petitioner refutes this testimony and the allegations of the mother, it was within the province of respondent to make the necessary credibility determinations (see Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d at 1237-1238). Accordingly, we will not disturb the maltreatment determination.
We have reviewed petitioner's remaining arguments and have found them to be lacking in merit.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: To the extent that petitioner challenges the hearsay testimony of the caseworker, respondent acknowledged this limitation and noted the caseworker's testimony was not significantly relied upon given there were multiple fact witnesses produced. Notwithstanding, such reliance would not have been in error (see Matter of Elizabeth W. v Broome County Dept. of Social Servs., 200 AD3d at 1155).