Matter of Raymond I. v New York State Off. of Children & Family Servs. (2023 NY Slip Op 01331)

Matter of Raymond I. v New York State Off. of Children & Family Servs.

2023 NY Slip Op 01331

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

534076
[*1]In the Matter of Raymond I. et al., Petitioners,
v
New York State Office of Children and Family Services, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

John W. Hillman, Chatham, for petitioners.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent denying petitioners' application to have a report maintained by the Statewide Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
Between the spring of 2016 and the fall of 2017, petitioners were the legal guardians of their great niece (born in 2003 [hereinafter the child]). The child eventually made certain disclosures that led to a Child Protective Services (hereinafter CPS) investigation of petitioners. While the investigation was ongoing and after several incidents at petitioners' home, the child left petitioners' care and began residing with her paternal aunt. The child later disclosed to the aunt and a CPS caseworker that she was sexually abused while in petitioners' care.
A report was accordingly made to the Statewide Central Register of Child Abuse and Maltreatment, and, following an investigation by the Columbia County Department of Social Services (hereinafter DSS), the report was marked as indicated against petitioner Raymond I. (hereinafter the great uncle) for sexual abuse and inadequate guardianship and against petitioner Beverly I. (hereinafter the great aunt) for inadequate guardianship. Additionally, the great uncle was arrested and charged with endangering the welfare of a child, forcible touching and sexual abuse in the second degree. He subsequently pleaded guilty to endangering the welfare of a child in satisfaction of the charges against him.
Petitioners later requested that the indicated report be amended to unfounded and sealed. Petitioners and DSS reached a settlement, under which petitioners would acknowledge having engaged in the conduct at issue and DSS would agree that the acts were not reasonably related to childcare and seal the report. Upon a review of the facts presented in the stipulation and the supporting documents submitted by petitioners, an Administrative Law Judge (hereinafter ALJ) declined to approve the settlement. The ALJ thereafter conducted an evidentiary hearing, upon which she determined that the fair preponderance of the evidence supported the indicated findings of abuse and maltreatment and that the report was relevant and reasonably related to childcare issues. Petitioners commenced this CPLR article 78 proceeding challenging that determination, which was transferred to this Court pursuant to CPLR 7804 (g).
We first reject petitioners' argument that the ALJ's refusal to accept the settlement between them and DSS was arbitrary, capricious and an abuse of discretion. The ALJ reviewed the pertinent facts and records, and she provided petitioners with the opportunity to submit a memorandum as to why the settlement should be approved. That DSS was agreeable to the proposed settlement is not dispositive, as it is respondent that is charged with maintaining the Statewide Central Register of Child Abuse [*2]and Maltreatment (see Social Services Law § 422 [8] [a] [ii]; 18 NYCRR 432.1 [ai]).
Next, the findings of abuse and maltreatment are supported by a sound and substantial basis in the record. "To establish maltreatment, the agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship" (Matter of Tammy OO. v. New York State Off. of Children & Family Servs., 202 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Christopher JJ. v Spencer, 204 AD3d 1193, 1194 [3d Dept 2022]; see also 18 NYCRR 432.1 [b]). An abused child is defined as, among other things, one whose parent or other person legally responsible for his or her care "commits, or allows to be committed, a sex offense" as defined in the Penal Law (18 NYCRR 432.1 [a] [3]; see Matter of R.B. v New York State Off. Of Children & Family Servs., 199 AD3d 429, 430 [1st Dept 2021]; Matter of Stephen FF. v Johnson, 23 AD3d 977, 978-979 [3d Dept 2005]). Although a report of child abuse or maltreatment must be established by a preponderance of the evidence, "[t]his Court's review is limited to whether the determination to deny the request to amend and seal the indicated report is supported by substantial evidence" (Matter of Jeffrey O. v New York State Off. of Children & Family Servs., 207 AD3d 900, 901 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Elizabeth W. v Broome County Dept. of Social Servs., 200 AD3d 1153, 1155 [3d Dept 2021]).
As to the great uncle, it was admitted that he had "hugged" the child in a manner that involved his hand sliding under the waistband of her pajama shorts and touching her skin, and substantial evidence established that his actions constituted a sex offense against a child (see Penal Law § 130.60 [2]). Respondent was entitled to discredit the great uncle's self-serving and inconsistent explanations for his actions (see Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d 1236, 1238 [3d Dept 2018]) and infer the purpose of sexual gratification from his conduct and the circumstances (see Penal Law § 130.00 [3]; Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1129 [3d Dept 2021], lv dismissed 37 NY3d 927 [2021]). The determination as to the abuse finding will therefore not be disturbed (see Matter of Stephen FF. v Johnson, 23 AD3d at 978-979). As sexual abuse of a child is also evidence of maltreatment (see Matter of Michael NN. v Chenango County Dept. of Social Servs., 155 AD3d 1463, 1466 [3d Dept 2017]), the additional finding as to the great uncle is also supported by substantial evidence.
As for the great aunt, the credited evidence established that she regularly called the child [*3]derogatory names and subjected her to other forms of verbal abuse. The great aunt further admitted to physically pushing the child at least twice, after becoming frustrated with the child's requests to be adopted. This pattern of behavior — which caused the child to become depressed, engage in self-harm and ultimately require psychiatric hospitalization — constituted maltreatment (see Matter of R.B. v New York State Off. of Children & Family Servs., 199 AD3d at 430; Matter of Jeannette LL. v Johnson, 2 AD3d 1261, 1263 [3d Dept 2003]). The great aunt also admitted that she had concerns over the child's sexualized behavior and her physicality with the great uncle, yet she kicked the child out of petitioners' home on at least two occasions knowing that the great uncle planned to spend the evening alone with the child at his office. This failure to exercise a minimum degree of care in providing proper supervision further placed the child at substantial risk of harm (see Matter of John R. v State of N.Y. Off. of Children & Family Servs., 97 AD3d 958, 958-959 [3d Dept 2012]), and the finding of maltreatment as to the great aunt will therefore also not be disturbed.
As petitioners do not challenge the determination that the abuse and maltreatment here are relevant and reasonably related to childcare employment, the adoption of a child or the provision of foster care, we confirm.[FN1]
Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: We reject petitioner's challenge to the use of hearsay evidence. It is well established that, "[l]ike any administrative determination, one made after an expungement hearing may be based solely upon hearsay evidence — or even double hearsay evidence" (Matter of Gerald HH. v Carrion, 130 AD3d 1174, 1175 [3d Dept 2015]). Contrary to their claim, there is no serious controversy around the key allegations against them (compare id. at 1176).