Matter of Kristen DD. v New York State Cent. Register of Child Abuse & Maltreatment (2023 NY Slip Op 05429)

Matter of Kristen DD. v New York State Cent. Register of Child Abuse & Maltreatment

2023 NY Slip Op 05429

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

534451
[*1]In the Matter of Kristen DD., Petitioner,
v
New York State Central Register of Child Abuse and Maltreatment, Respondent, et al., Respondent.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Schlissel DeCorpo, LLP, Lynbrook (Michael J. Ciaravino of counsel), for petitioner.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for New York State Central Register of Child Abuse and Maltreatment, respondent.

Lynch, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Office of Children and Family Services denying petitioner's application to have a report maintained by respondent Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
In March 2019, respondent Central Register of Child Abuse and Maltreatment received a report alleging that petitioner — the mother of the subject child (born in 2012) — was abusing alcohol in the child's presence such that she was unable to provide a minimal degree of parental care. During an investigation by respondent Rockland County Department of Social Services (hereinafter DSS), additional information came to light regarding an incident of domestic violence between petitioner and the child's father, which was allegedly initiated by petitioner and occurred in front of the child. Following the investigation, the report was marked as indicated against petitioner for maltreatment of the child.[FN1] The report was forwarded to the Office of Children and Family Services, which declined petitioner's request to have the report amended to unfounded and sealed. A hearing was held before an Administrative Law Judge (hereinafter ALJ), who determined that DSS had demonstrated maltreatment on petitioner's part and that the indicated report was "relevant and reasonably related" to any future childcare employment, adoption or foster care decisions regarding petitioner (Social Services Law § 422 [8] [c] [ii]) such that it should be disclosed to inquiring agencies. Petitioner thereafter commenced this CPLR article 78 proceeding in Supreme Court seeking annulment of the ALJ's determinations and expungement of the report. The proceeding was subsequently transferred to this Court pursuant to CPLR 7804 (g).
We conclude that the ALJ's findings that petitioner maltreated the child and that this information should be disclosed to inquiring agencies are supported by substantial evidence. "In order to establish maltreatment, DSS was obliged to demonstrate, by a preponderance of the evidence, that the physical, mental or emotional condition of the child[ ] either had been or would be in imminent danger of being impaired because petitioner[ ] had failed to exercise a minimum degree of care in providing [the child] with appropriate supervision or guardianship" (Matter of Destiny Q. v Poole, 214 AD3d 1183, 1185 [3d Dept 2023] [citations omitted]; see 18 NYCRR 432.1 [b] [1] [ii]). Inadequate supervision or guardianship includes "misusing alcoholic beverages to the extent that [the offending parent] loses self-control" (18 NYCRR 432.1 [b] [1] [ii]), as well as engaging in domestic violence in the child's presence (see Matter of Christopher JJ. v Spencer, 204 AD3d 1193, 1194 [3d Dept 2022]). The disclosure of an indicated report to inquiring agencies may be made upon proof "that the maltreatment is relevant and reasonably related [*2]to any future child care employment, adoption or foster care decisions regarding petitioner[ ]" (Matter of Destiny Q. v Poole, 214 AD3d at 1186 [internal quotation marks and citation omitted]; see Social Services Law § 422 [8] [c] [ii]).
"Our review of the ALJ's determination[s] [in this respect] is limited to assessing whether [they are] supported by substantial evidence, a minimal standard requiring only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Destiny Q. v Poole, 214 AD3d at 1185 [internal quotation marks and citations omitted]). "[H]earsay is admissible in expungement hearings and, if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination" (id. [internal quotation marks and citations omitted]). In determining whether the ALJ's findings are supported by substantial evidence, this Court will not "weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable" (Matter of Christopher JJ. v Spencer, 204 AD3d at 1194 [internal quotation marks and citations omitted]).
When deferring to the ALJ's credibility determinations, we conclude that there is substantial evidence in the record to support the maltreatment finding against petitioner. There was proof that petitioner had excessively consumed alcohol in the child's presence "to the extent that [she had] los[t] self-control" (18 NYCRR 432.1 [b] [1] [ii]), drove the child in a car shortly after consuming alcohol (see Matter of Elizabeth W. v Broome County Dept. of Social Servs., 200 AD3d 1153, 1155 [3d Dept 2021]; Matter of Christine Y. v Carrion, 75 AD3d 831, 832 [3d Dept 2010]) and, one day later, was observed by law enforcement to be so intoxicated that she was unable to care for the child. Although petitioner claimed otherwise, there was also testimony that she was the party who initiated the physical altercation with the father in front of the child (see Matter of Jeffrey O. v New York State Off. of Children & Family Servs., 207 AD3d 900, 903-904 [3d Dept 2022]). Such proof constitutes substantial evidence to support the finding that the child's physical, mental or emotional condition was impaired or was in imminent danger of so becoming as a result of petitioner's failure to exercise a minimum degree of care "in providing the child with proper supervision or guardianship" (18 NYCRR 432.1 [b] [1] [ii]). Accordingly, the maltreatment finding will not be disturbed.
To the extent petitioner also challenges the finding that her maltreatment of the child was relevant and reasonably related to employment, licensure or certification regarding childcare, thereby warranting disclosure of the indicated report to inquiring agencies (see Social Services Law § 424-a), such finding is also supported by substantial evidence. We recognize that petitioner had made substantial progress by the time of [*3]the hearing, having completed an outpatient substance abuse program and maintained sobriety for approximately one year. Petitioner was also in a stable relationship with the father by the time of the hearing, who confirmed that she was doing well, was seeing a therapist, and that he had no concerns about her current ability to care for the child. Notwithstanding this commendable progress, given petitioner's past parenting decisions while intoxicated, her prior relapses and the relatively short amount of time she had maintained her sobriety, we conclude that there is substantial evidence to support the ALJ's determination that disclosure of the report to inquiring agencies was warranted (see Matter of Destiny Q. v Poole, 214 AD3d at 1186; Matter of Jeffrey O. v New York State Off. of Children & Family Servs., 207 AD3d at 904).
Clark, Aarons, Pritzker and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The record indicates that a criminal case was commenced against the father with respect to the domestic violence incident, but was resolved by an adjournment in contemplation of dismissal.