Matter of Johnny S. v New York State Off. of Children & Family Servs. (2025 NY Slip Op 01852)

Matter of Johnny S. v New York State Off. of Children & Family Servs.

2025 NY Slip Op 01852

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-24-0272
[*1]In the Matter of Johnny S., Petitioner,
v
New York State Office of Children and Family Services, Respondent.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Tully Rinckey, PLLC, Albany (Allen A. Shoikhetbrod of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Aarons, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application to have two reports maintained by the Statewide Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
Following an investigation of allegations that petitioner sexually abused his teenage stepdaughter (born in 2001 [hereinafter the child]), the Albany County Department of Social Services (hereinafter DSS) indicated two reports of maltreatment and filed them with the Statewide Central Register of Child Abuse and Maltreatment. Petitioner applied to respondent to amend the reports from indicated to unfounded, and respondent denied the request and set the matter down for an administrative hearing pursuant to Social Services Law § 422 (8). Following the hearing, an administrative law judge found the allegations of maltreatment supported by a fair preponderance of the evidence and reasonably relevant to employment in a childcare capacity or to the adoption or foster care of children. Adopting the administrative law judge's findings and conclusions, respondent denied petitioner's request to amend the reports, prompting petitioner to commence this CPLR article 78 proceeding to annul respondent's determination. The proceeding was transferred to this Court pursuant to CPLR 7804 (g). We confirm.
"[T]o establish maltreatment, DSS was obliged to demonstrate, by a preponderance of the evidence, that the physical, mental or emotional condition of the child either had been or would be in imminent danger of being impaired because petitioner had failed to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship" (Matter of Kristen DD. v New York State Cent. Register of Child Abuse & Maltreatment, 220 AD3d 1129, 1130 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see 18 NYCRR 432.1 [b] [1] [ii]). Sexual abuse of a child, including forced sexual touching, is evidence of maltreatment (see Matter of Raymond I. v New York State Off. of Children & Family Servs., 214 AD3d 1147, 1148-1149 [3d Dept 2023]; 18 NYCRR 432.1 [a] [3]; [b] [1] [ii]). Our review "is limited to assessing whether the determination is supported by substantial evidence, a minimal standard requiring only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Destiny Q. v Poole, 214 AD3d 1183, 1185 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of Jeffrey O. v New York State Off. of Children & Family Servs., 207 AD3d 900, 901 [3d Dept 2022]).
Respondent credited information contained in the case file along with the testimony of a caseworker that the child reported that petitioner touched her buttocks and breasts when they shared a bed while on a family trip; that petitioner made the child touch his inner thigh; and [*2]that petitioner provided the child with alcohol. Certain details of the trip were corroborated by petitioner, including the fact that he shared a bed with the child. DSS also presented psychological treatment records demonstrating that the alleged incidents of sexual abuse caused harm to the child's mental health. Despite the proof against petitioner consisting almost entirely of hearsay, that hearsay was sufficiently relevant and probative so as to constitute substantial evidence in support of respondent's determination (see Matter of Tammy OO. v New York State Off. of Children & Family Servs., 202 AD3d 1181, 1182 [3d Dept 2022]; Matter of Elizabeth W. v Broome County Dept. of Social Servs., 200 AD3d 1153, 1155 [3d Dept 2021]; Matter of Charlotte MM. v Commissioner of Children & Family Servs., 159 AD3d 1081, 1083 [3d Dept 2018]). Although petitioner maintained his innocence throughout the administrative proceeding, the conflicting accounts presented a credibility issue for respondent to decide, and respondent's decision not to credit petitioner's denials will remain undisturbed (see Matter of Destiny Q. v Poole, 214 AD3d at 1185-1186; Matter of Ribya BB v Wing, 243 AD2d 1013, 1014 [3d Dept 1997]). The foregoing also constitutes substantial evidence that the maltreatment is relevant to childcare (see Matter of Kristen DD. v New York State Cent. Register of Child Abuse & Maltreatment, 220 AD3d at 1132; Matter of Destiny Q. v Poole, 214 AD3d at 1186). Petitioner's remaining contentions, to the extent not specifically addressed, have been reviewed and are without merit.
Pritzker, Lynch, Ceresia and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.