Matter of Kania J. v Miles-Gustave (2025 NY Slip Op 06113)

Matter of Kania J. v Miles-Gustave

2025 NY Slip Op 06113

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-24-1744
[*1]In the Matter of Kania J., Petitioner,
v
Suzanne Miles-Gustave, as Acting Commissioner of Children and Family Services, et al., Respondents, et al., Respondent.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Toporowski Law, PLLC, Albany (Matthew A. Toporowski of counsel), for petitioner.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for Suzanne Miles-Gustave and others, respondents.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent Office of Children and Family Services denying petitioner's application to have a report maintained by the Statewide Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.
Petitioner became the foster parent of a five-year-old child (hereinafter the subject child) and the subject child's four-year-old sibling. In September 2021, respondent Saratoga County Department of Social Services (hereinafter DSS) received a hotline report that petitioner had hit the subject child with a spatula, causing bruising and swelling on the child's arm, and had also thrown the subject child against a wall, causing bruising and swelling to the subject child's hand. The children were removed from petitioner's care and an investigation commenced. In November 2021, the report was indicated for inadequate guardianship through excessive corporal punishment, and the infliction of welts, bruises, lacerations and swelling. Petitioner then requested that respondent Office of Children and Family Services (hereinafter OCFS) amend the report as unfounded. Following an administrative review and hearing, at which petitioner, her sister and multiple DSS witnesses testified, OCFS denied petitioner's request. Petitioner then commenced this CPLR article 78 proceeding seeking annulment of OCFS's determination. This matter was thereafter transferred to this Court (see CPLR 7804 [g]).
We confirm. "To establish maltreatment, the agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship" (Matter of Raymond I. v New York State Off. of Children & Family Servs., 214 AD3d 1147, 1148 [3d Dept 2023] [internal quotation marks and citations omitted]). Inflicting excessive corporal punishment can so endanger a child's physical, mental or emotional condition to establish maltreatment (see 18 NYCRR 432.1 [b] [1] [ii]; Matter of Vincent KK. v State of N.Y. Off. of Children & Family Servs., 284 AD2d 777, 777-778 [3d Dept 2001]).[FN1] Our review is limited to assessing whether substantial evidence supports the determination, which "is a minimal standard that is less than a preponderance of the evidence and requires only that a given inference is reasonable and plausible" (Matter of Jeter v Poole, 43 NY3d 241, 253 [2024] [internal quotation marks and citation omitted]; see Matter of Christopher JJ. v Spencer, 204 AD3d 1193, 1194 [3d Dept 2022]). "Hearsay is admissible in expungement hearings and, if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination" (Matter of Tammy OO. v New York [*2]State Off. of Children & Family Servs., 202 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). In determining whether the agency's determination is "supported by substantial evidence, this Court will not weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable" (Matter of Kristen DD. v New York State Cent. Register of Child Abuse & Maltreatment, 220 AD3d 1129, 1131 [3d Dept 2023] [internal quotation marks and citations omitted]).
DSS's case consisted of testimony from a senior caseworker, a forensic nurse examiner, notes made in the course of the investigation and photographic evidence. According to multiple witnesses, the subject child disclosed that petitioner had "beat" her with a spatula and belt for not doing well in school. DSS investigation notes reflected that this was confirmed by the subject child's sibling, who also added that petitioner struck the subject child in the mouth, eyes, forehead, cheek and nose and would continue the abuse until the subject child stopped "screaming." Such statements were corroborated by a physical examination conducted by the forensic nurse examiner, who testified that she observed bruising and marks on the subject child's hand, arm, back and buttocks; photographs of the bruising on the subject child's hand, arm and back were submitted at the hearing. Following her examination, the forensic nurse examiner recommended that the subject child be taken to urgent care and concluded that the "exam was consistent with the history" that the subject child had given her. Upon presenting to a local urgent care facility, it was revealed that the subject child had soft tissue damage but no broken bones.
Petitioner's evidence consisted of her testimony and that of her sister, who had stayed with petitioner for a period of time while petitioner recovered from surgery. According to petitioner, she never struck the subject child except for playfully and unforcefully with a spatula. She explained that the bruising on the subject child's back and arm resulted from a fall from her bunk bed, but could not account for the marks on the subject child's buttocks. Petitioner maintained that she was physically incapable of inflicting corporal punishment on the subject child because she was still recovering from recent surgeries, which left her weak and resulted in significant weight loss during the relevant time period. Petitioner's sister testified that petitioner was a loving foster parent, that she never witnessed petitioner employ corporal punishment and recalled the bunk bed fall.
In denying petitioner's request, the Administrative Law Judge (hereinafter the ALJ) found petitioner's and her sister's testimony incredible and self-serving, and that DSS had met its burden of showing maltreatment by a fair preponderance of the evidence. Petitioner contends that the record failed to establish that the subject [*3]child was actually impaired, and that the ALJ erred in discrediting her and her sister's testimony. We disagree. "Actual injury or impairment to the child need not be demonstrated; rather, only an imminent threat that such injury or impairment may result is required" (Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1419 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see 18 NYCRR 432.1 [b] [1]). Although certain hearsay statements were presented at the hearing, they were relevant, probative and corroborated by objective evidence, including the photographs from the forensic nurse examination (see Matter of Vincent KK. v State of N.Y. Off. of Children & Family Servs., 284 AD2d at 777). Petitioner and her sister offered certain explanations for some of the subject child's injuries, but could not do so for others, including some of the soft tissue injuries (see Matter of Jeter v Poole, 43 NY3d at 254).Nevertheless, petitioner's and her sister's testimony in retort were "conflicting accounts [that] presented a credibility issue for [the ALJ] to decide" and we defer to that determination (Matter of Johnny S. v New York State Off. of Children & Family Servs., 236 AD3d 1281, 1283 [3d Dept 2025]; see Matter of Christopher JJ. v Spencer, 204 AD3d at 1194). Based on the hearing evidence and credited testimony, we find the that the denial of petitioner's request to amend the report was supported by substantial evidence (see Matter of Naomi NN. v New York State Off. of Children & Family Servs., 233 AD3d 1399, 1402 [3d Dept 2024]; Matter of Jeffrey O. v New York State Off. of Children & Family Servs., 207 AD3d 900, 903 [3d Dept 2022]; Matter of Christopher JJ. v Spencer, 204 AD3d at 1194-1195). To the extent that they are not addressed above, we have examined petitioner's remaining contentions and found them to be without merit or rendered academic.
Clark, J.P., Aarons, Lynch and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although not a ground for the determination by OCFS, on appeal we find it noteworthy that DSS highlights that a foster parent is forbidden from employing any form of corporal punishment, regardless of excessiveness or impairment to the child (see 18 NYCRR 441.9 [c]; Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d 1174, 1175 n 1 [3d Dept 2001]).